Exhibit I …………………………. Notice of Appeal to the BIA of 4.25.21 Decision

U.S. Department of Justice
Executive Office for Immigration Review
*Board of Immigration Appeals*

OMB# 1125-0002
# Notice of Appeal from a Decision of an Immigration Judge

**1.** List Name(s) and "A" Number(s) of all Respondent(s)/Applicant(s):

ANNA SOROKIN

*(Staple Check or Money Order Here. Include Name(s) and "A" Number(s) on the face of the check or money order.)*

**! WARNING:** Names and "A" Numbers of everyone appealing the Immigration Judge's decision must be written in item #1. The names and "A" numbers listed will be the only ones considered to be the subjects of the appeal.

**2.** I am  [✓] the Respondent/Applicant  [ ] DHS-ICE *(Mark only one box.)*

**3.** I am  [✓] DETAINED  [ ] NOT DETAINED *(Mark only one box.)*

**4.** My last hearing was at_____*(Location, City, State)*

**5. What decision are you appealing?**

*Mark only one box below. If you want to appeal more than one decision, you must use more than one Notice of Appeal (Form EOIR-26).*

[ ] I am filing an appeal from the Immigration Judge's decision *in merits proceedings* (example: removal, deportation, exclusion, asylum, etc.) dated_____.

[✓] I am filing an appeal from the Immigration Judge's decision *in bond proceedings* dated _____. (For DHS use only: Did DHS invoke the automatic stay provision before the Immigration Court? [ ] Yes. [ ] No.)

[ ] I am filing an appeal from the Immigration Judge's decision *denying a motion to reopen or a motion to reconsider* dated_____.

*(Please attach a copy of the Immigration Judge's decision that you are appealing.)*

Form EOIR-26
Revised Sept. 2019

6. State in detail the reason(s) for this appeal. Please refer to the General Instructions at item F for further guidance. You are not limited to the space provided below; use more sheets of paper if necessary. Write your name(s) and "A" number(s) on every sheet.

The Immigration Judge vacated and withdrew his decision finding Respondent eligible for bond but denying bond upon a finding of Respondent's failure to prove she is not a danger to her community and issued a memorandum stating that Respondent is inelible for bond.

*(Attach additional sheets if necessary)*

**WARNING:** You must clearly explain the specific facts and law on which you base your appeal of the Immigration Judge's decision. The Board may summarily dismiss your appeal if it cannot tell from this Notice of Appeal, or any statements attached to this Notice of Appeal, why you are appealing.

7. Do you desire oral argument before the Board of Immigration Appeals? ☐ Yes ☒ No

8. Do you intend to file a separate written brief or statement after filing this Notice of Appeal? ☒ Yes ☐ No

9. X _[signature]_  5/23/2024
   Signature of Person Appealing
   (or attorney or representative)                                Date

Form EOIR-26
Revised Sept. 2019

**10.** Mailing Address of Respondent(s)/Applicant(s)

Anna Sorokin
(Name)

160 South River St
(Street Address)

_____
(Apartment or Room Number)

Hackensack New Jersey 07601
(City, State, Zip Code)

718-276-2729
(Telephone Number)

**11.** Mailing Address of Attorney or Representative for the Respondent(s)/Applicant(s)

Audrey A Thomas ESQ
(Name)

245-07 Francis Lewis Blvd
(Street Address)

_____
(Suite or Room Number)

Rosedale NY 11422
(City, State, Zip Code)

718-276-2729
347-869-8536
(Telephone Number)

**NOTE:** You must notify the Board within five (5) working days if you move to a new address or change your telephone number. You must use the Change of Address Form/Board of Immigration Appeals (Form EOIR-33/BIA).

**NOTE:** If an attorney or representative signs this appeal for you, he or she must file *with this appeal*, a Notice of Entry of Appearance as Attorney or Representative Before the Board of Immigration Appeals (Form EOIR-27).

**12.** PROOF OF SERVICE (You Must Complete This)

I Audrey A. Thomas ESQ mailed or delivered a copy of this Notice of Appeal
(Name)

on 5/23/2021 to OPLA
(Date) (Opposing Party)

at 201 Varick St Room 1130 NY NY 10014
(Number and Street, City, State, Zip Code)

X _Audrey A Thomas_
Signature

**NOTE:** If you are the Respondent or Applicant, the "Opposing Party" is the Assistant Chief Counsel of DHS - ICE.

**WARNING:** If you do not complete this section properly, your appeal will be rejected or dismissed.

**WARNING:** If you do not attach the fee or a completed Fee Waiver Request (Form EOIR-26A) to this appeal, your appeal may be rejected or dismissed.

**HAVE YOU?**

- [ ] Read all of the General Instructions
- [✓] Provided all of the requested information
- [ ] Completed this form in English
- [✓] Provided a certified English translation for all non-English attachments  N/A
- [ ] Signed the form

- [✓] Served a copy of this form and all attachments on the opposing party
- [✓] Completed and signed the Proof of Service
- [ ] Attached the required fee or Fee Waiver Request
- [✓] If represented by attorney or representative, attach a completed and signed EOIR-27

Page 3 of 3

Form EOIR-26
Revised Sept. 2019

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
201 VARICK ST., RM 1140
NEW YORK, NY 10014

The Law Offices of Audrey A. Thomas P.C.
Thomas, Audrey
245-07 Francis Lewis Blvd
Rosedale, NY 11422

In the matter of            File A █████████            DATE: Apr 26, 2021
SOROKIN, ANNA

___ Unable to forward - No address provided.

_X_ Attached is a copy of the decision of the Immigration Judge. This decision
    is final unless an appeal is filed with the Board of Immigration Appeals
    within 30 calendar days of the date of the mailing of this written decision.
    See the enclosed forms and instructions for properly preparing your appeal.
    Your notice of appeal, attached documents, and fee or fee waiver request
    must be mailed to:    Board of Immigration Appeals
                          Office of the Clerk
                          5107 Leesburg Pike, Suite 2000
                          Falls Church, VA 22041

___ Attached is a copy of the decision of the immigration judge as the result
    of your Failure to Appear at your scheduled deportation or removal hearing.
    This decision is final unless a Motion to Reopen is filed in accordance
    with Section 242b(c)(3) of the Immigration and Nationality Act, 8 U.S.C. §
    1252b(c)(3) in deportation proceedings or section 240(b)(5)(C), 8 U.S.C. §
    1229a(b)(5)(C) in removal proceedings. If you file a motion to reopen, your
    motion must be filed with this court:
                          IMMIGRATION COURT
                          201 VARICK ST., RM 1140
                          NEW YORK, NY 10014

___ Attached is a copy of the decision of the immigration judge relating to a
    Reasonable Fear Review. This is a final order. Pursuant to 8 C.F.R. §
    1208.31(g)(1), no administrative appeal is available. However, you may file
    a petition for review within 30 days with the appropriate Circuit Court of
    Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA §242.

___ Attached is a copy of the decision of the immigration judge relating to a
    Credible Fear Review. This is a final order. No appeal is available.

___ Other: _____


                                    R. Rafailov
                                    COURT CLERK
                                    IMMIGRATION COURT                    FF

    cc: ASSISTANT CHIEF COUNSEL
        201 VARICK STREET, ROOM #1130
        NEW YORK, NY, 10014

[Stamp, rotated: A COPY OF THIS DECISION WAS / ALIEN ATTY DHS / PERSONALLY SERVED / SERVED VIA MAIL / SERVED VIA FAX / DATE 4/26/21 LT LEGAL ASST -- with checkmarks by ALIEN ATTY, DHS, and SERVED VIA MAIL]

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
201 VARICK STREET
NEW YORK, NEW YORK

File No.: █████████

In the Matter of:

SOROKIN, ANNA            BOND PROCEEDINGS

The respondent.

**ON BEHALF OF THE RESPONDENT**
Audrey A. Thomas, Esq.
The Law Office of Audrey Thomas PLLC
245-07 Francis Lewis Blvd.
Rosedale, New York 11422

**ON BEHALF OF THE DEPARTMENT**
Susan Egan, Esq.
Assistant Chief Counsel
201 Varick Street, Room 1130
New York, New York 10014

## MEMORANDUM DECISION OF THE IMMIGRATION JUDGE

### I. PROCEDURAL HISTORY

Anna Sorokin ("the respondent") is a native of the USSR and a citizen of Germany. *See* ICE Form 71-058, Visa Waiver Program, Notice of Intent to Issue a Final Administrative Removal Order. She was admitted to the United States at Newark, New Jersey on or about June 7, 2017 as a nonimmigrant visitor pursuant to INA § 217 under the Visa Waiver Program ("VWP") with authorization to remain for a temporary period not to exceed September 4, 2017. *Id.* The respondent remained in the United States beyond September 4, 2017 without authorization from the Department of Homeland Security ("the Department"). *Id.*

The Department subsequently charged the respondent as removable pursuant to the Immigration and Nationality Act ("INA") § 237(a)(1)(B), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, she remained in the United States for a time longer than permitted. *Id.* On February 9, 2021, the Department issued a Final Administrative Removal Order, finding the respondent removable as charged and ordering her removed from the U.S. to Germany. *See* ICE Form 71-060, VWP Final Administrative Removal Order. The Department served the Final Order on the respondent on March 25, 2021, and thereafter detained her in the custody of the U.S. Immigration and Customs Enforcement at Bergen County Jail. *Id.*; *see also* Form I-830, Notice to EOIR: Alien Address. On March 30, 2021, the Department filed a Form I-863, Notice of Referral to Immigration Judge, indicating that the respondent was a VWP violator who had requested asylum, withholding of removal, and/or protection under the

1

Convention Against Torture and the matter had been referred to the Immigration Judge in accordance with 8 C.F.R. § 208.2(c). *See* Form I-863.

Pursuant to a motion for custody redetermination submitted by the respondent, the Court conducted a custody redetermination hearing on April 6, 2021. *See* Form I-286, Notice of Custody Determination; Resp't Emergency Motion for Bond. At the hearing, the Department did not raise issue as to the respondent's eligibility for bond. *See* Digital Audio Recording ("DAR") (Apr. 6, 2021.) The Court determined that the respondent failed to demonstrate that she is not a danger to the community and denied her request for a change in custody. *Id.*; *see also* Order of the Immigration Judge (Apr. 6, 2021). The respondent reserved appeal.

On April 8, 2021, the Court received the Department's motion to reconsider its April 6, 2021 custody determination. *See* Dep't Motion to Reconsider (Apr. 8, 2021). Specifically, the Department argued that the Court erred in conducting a custody redetermination hearing as it lacked jurisdiction over the respondent's custody status.[1] *Id.* The Court concurred with the motion and issued an order vacating its previous April 6, 2021 Order. *See* Order of the Immigration Judge (Apr. 8, 2021). On April 13, 2021, the Court received the respondent's opposition to the Department's motion to reconsider. *See* Resp't Opposition (Apr. 13, 2021).

Having now considered the written arguments of both the Department and the respondent, the Court provides the following analysis in support of its August 8, 2021 Order. For the reasons delineated *infra*, the Court (1) grants the Department's motion to reconsider, (2) vacates its prior April 6, 2021 Order, and (3) denies the respondent's request for a change in custody status on the basis that it does not have jurisdiction to review her custody status.

## II. LEGAL STANDARDS & ANALYSIS

An Immigration Judge ("IJ") may upon his or her own motion at any time, or upon motion of the Department or the applicant, reconsider any case in which he or she has made a decision unless jurisdiction has vested with the Board of Immigration Appeals ("BIA"). 8 C.F.R. § 1003.23(b)(1). A motion to reconsider is a "request that the [IJ] reexamine [his or her] decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Matter of O-S-G-*, 24 I&N Dec. 56, 57 (BIA 2006) (quoting *Matter of Ramos*, 23 I&N Dec. 336, 338 (BIA 2002)). "A motion to reconsider contests the correctness of the original decision based on the previous factual record, as opposed to a motion to reopen, which seeks a new hearing based on new or previously unavailable evidence." *O-S-G-*, 24 I&N Dec. at 57-58. A motion to reconsider must state the reasons for the motion by specifying the errors of fact or law in the IJ's prior decision and be supported by pertinent authority. 8 C.F.R. § 1003.23(b)(2).

This Court may consider the Department's present motion because jurisdiction has not yet vested with the BIA. The respondent indeed reserved appeal of the Court's April 6, 2021 decision; however, as of the date of this decision, the Court is not in receipt of an official filing notice with the BIA. Moreover, the Court finds that it made a legal error when conducting the respondent's

---

[1] The Department concedes that it did not raise jurisdiction as an issue at the initial custody hearing. *See* Dep't Motion to Reconsider, p. 4.

2

custody hearing on April 6, 2021, such that redetermination of its prior decision and order is warranted. *See* 8 C.F.R. § 1003.23(b)(2).

An Immigration Judge's authority to redetermine custody conditions is limited to aliens who have been issued a Notice to Appear and placed in removal proceedings under section 240 of the INA, 8 U.S.C. § 129a. *Matter of A-W-*, 25 I&N Dec. 45, 46-47 (BIA 2009); 8 C.F.R. §§ 1003.19, 1236.1(d)(1). The BIA has held that "the statutory authority for [a VWP entrant's] detention is contained in section 217(c)(2)(E) of the [INA]." *A-W-*, 25 I&N Dec. at 47. Importantly, the detention authority of the Department in this case stems from section 217(c)(2)(E) of the Act, not section 236. *See* INA § 217(c)(2)(E); 8 C.F.R. § 217.4. The Board made clear that Immigration Judges lack the authority to redetermine the custody of VWP entrants/violators, as they are not detained pursuant to INA § 236. *See A-W-*, 25 I&N Dec. at 48. Because the Attorney General does not have authority over bond proceedings relating to aliens, like the respondent, who have been admitted pursuant to the Visa Waiver Program, he cannot delegate any such authority to the Immigration Judge. Only the Department has authority over the respondent's custody. *See A-W*, 25 I&N Dec. at 47-48. Consequently, the respondent's request for a bond hearing falls outside of the authority given to the Immigration Courts and must be denied for lack of jurisdiction. As such, the Court finds that it erred in conducting the April 6, 2021 hearing and vacates the resulting order. The Court now denies the respondent's motion for custody redetermination on the basis that it lacks jurisdiction to review the custody status of a VWP entrant. *See A-W-*, 25 I&N Dec. at 48.

Accordingly, after a careful review of the record, the following Orders are entered:

## ORDERS

**IT IS HEREBY ORDERED** that the Department's Motion for Reconsideration be **GRANTED**;

**IT IS FURTHER ORDERED** that the April 6, 2021 Order of the Immigration Judge with Respect to Custody be **VACATED**;

**IT IS FURTHER ORDERED** that the respondent's request for a change in custody status be **DENIED**.

04/25/2021                                    *Thomas Mungoven*

Date                                          Thomas Mungoven
                                              U.S. Immigration Judge