Exhibit L ……………………….   DHS Motion to Reconsider Bond Determination

Wen-Ting Cheng  
Chief Counsel  
Sabrina Thanse  
Deputy Chief Counsel  
Susan Egan  
Senior Attorney  
U.S. Immigration and Customs Enforcement  
U.S. Department of Homeland Security  
26 Federal Plaza  
New York, NY 10278

**DETAINED**

UNITED STATES DEPARTMENT OF JUSTICE  
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW  
IMMIGRATION COURT

|  |  |
|---|---|
| In the Matters of: | )<br>)<br>) |
| Anna SOROKIN | )    File No.: ▓▓▓▓ |
| In removal proceedings | )<br>)<br>) |

Immigration Judge: Thomas Mungoven        Hearing date: April 6, 2021

THE DEPARTMENT OF HOMELAND SECURITY'S  
MOTION TO RECONSIDER

The Department of Homeland Security, Immigrations and Customs Enforcement (Department), by and through undersigned counsel, respectfully moves for the Immigration Court to reconsider its decision to redetermine the respondent's custody status because the Court did not have authority to make a custody redetermination under section 217 of the Immigration and Naturalization Act (INA or Act) and applicable case law.

## BRIEF STATEMENT OF THE CASE

The respondent is a native of Russia and a citizen of Germany. She last entered the United States on June 7, 2017 with permission to remain for a period of 90 days as a visitor under the Visa Waiver Program (VWP). She failed to depart as required, overstayed her visa, and is removable from the United States pursuant to INA § 217.

The respondent is also a convicted felon. According to the New York County District Attorney, from in or about December of 2016 to August of 2017, the respondent perpetrated multiple scams, stealing more than $200,000 and attempting to steal millions more from individuals, businesses, and banks. For these acts, she was convicted, after a jury trial in the Supreme Court of the State of New York, County of New York, of the crimes of attempted grand larceny in the first degree (N.Y. Penal Law § 110/155.42), two counts of grand larceny in the second degree (N.Y. Penal Law § 155.40(1)), grand larceny in the third degree (N.Y. Penal Law § 155.35(1)), and theft of services (N.Y. Penal Law § 165.15(3)). She was sentenced on May 9, 2019 to a term of imprisonment ranging from four to twelve years.[1] The respondent served her imposed sentence under the supervision of the New York State Department of Corrections.

---

[1] Sorokin received a sentence of 28 months to 7 years imprisonment for her grand larceny in the third-degree conviction and 364 days for her theft of services conviction. For the remaining crimes, she was sentenced to 4 to 12 years imprisonment.

As a result of her crimes and her conviction, the respondent came to the attention of the Department of Homeland Security, Enforcement and Removal Operations (ERO). On February 9, 2021, ERO served the respondent with an administrative Notice of Intent to Issue a Final Removal Order. On March 25, 2021, ERO took the respondent into custody[2] and served her with a Final Administrative Removal Order of which she refused to acknowledge receipt and sign. Thereafter, while detained and pending her removal, the respondent presented ERO with a Form I-589, Application for Asylum and Withholding of Removal, claiming she feared return to Germany. On March 31, 2021, ERO issued and served her with a Form I-863, Notice of Referral to the Immigration Judge. On April 4, 2021, the respondent, through counsel, filed a motion to seek a bond redetermination[3] and moved for the Immigration Judge to set a bond releasing her from custody.

On April 6, 2021, the respondent appeared in Immigration Court and requested that she be released from custody. The Court, without authority, held a bond hearing, ultimately denying the respondent bond pursuant to INA § 236(a) because she failed to establish that she is not a danger to the community. The respondent reserved her right to appeal this decision; her notice of appeal must be filed with the Board of Immigration Appeals (Board) on or before May 6, 2021.

The Department now moves for the Court to reconsider its April 6, 2021 bond order because it did not have authority to reconsider the respondent's custody status.

---

[2] Sorokin is currently detained at Bergen County Jail, Hackensack, New Jersey, which falls under the jurisdiction of the United States Court of Appeals for the Third Circuit.
[3] Although counsel claims that she filed the motion for a bond redetermination with the Department on April 4, 2021, the Department did not receive the motion until the morning of the hearing, April 5, 2021.

## DISCUSSION

A motion to reconsider must specify errors of fact or law in the Immigration Judge's prior decision and be supported with pertinent authority. *See* 8 C.F.R. § 1003.23(b)(2); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001). A motion to reconsider "is a request that the agency reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Matter of Cerna*, 20 I&N Dec. 399, 402 n.2 (BIA 1991) (internal quotation marks omitted). Here, the Court lacked jurisdiction to consider the respondent's custody status or consider her motion for a bond hearing as the respondent is not in removal proceedings pursuant to INA § 240.

The Immigration Court does not have jurisdiction to redetermine the respondent's custody determination for a VWP violator. *See Matter of A-W-*, 25 I&N Dec. 45 (BIA 2009). The regulations only confer Immigration Judges with the authority to redetermine the Department's custody determinations in cases of non-citizens for whom an arrest warrant in conjunction with a Notice to Appear, instituting removal proceedings, were issued. *See Matter of A-W-*, 25 I&N Dec. at 46. The Department's detention authority with respect to the respondent, however, is pursuant to INA § 217(c)(2)(E), which does not confer any authority to the Attorney General to review the Department's custody determination. *See* INA § 217(c)(2)(E); *Matter of A-W-*, 25 I&N Dec. At 47. The authority to detain a non-citizen who is removable for violating the VWP and who seeks asylum was transferred to the Department from the Attorney General by the Homeland Security Act of 2002, Pub.L. No. 107-296, 116 Stat.235. *See Matter of A-W-*. 25 I&N Dec. at 47-48. Based on this delegation, the Immigration Judge lacks authority to redetermine this respondent's custody status. *See id.* (The Immigration Court did not have authority to review the custody status of a VWP overstay who was in asylum-only proceedings). In the instant case, the respondent is a VWP

violator and is not in removal proceedings pursuant to the filing of an arrest warrant and the issuance of a NTA. The Court does not have jurisdiction to redetermine the respondent's custody status. In light thereof, the Court here erroneously held a bond hearing to redetermine the respondent's custody status.

The Department concedes that it failed to raise this objection at the time of the hearing. However, "[s]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton,* 535 U.S. 625, 630 (2002). Moreover, courts…have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999); *see also Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006). Accordingly, as the Department is now aware of the jurisdictional error, it seeks to bring the error to the Court's attention in this motion to reconsider.

## CONCLUSION

For the foregoing reasons, the Department respectfully requests that the Court reconsider its decision to hold a bond hearing and rescind its order denying bond pursuant to INA § 236(a), and instead deny respondent's request for a custody redetermination due to lack of jurisdiction.

Dated: April 8, 2021

Respectfully submitted,

SUSAN M EGAN
Digitally signed by SUSAN M EGAN
Date: 2021.04.08 08:33:23 -04'00'

Susan Egan
Senior Attorney
U.S. Immigration and Customs Enforcement
U.S. Department of Homeland Security

## CERTIFICATE OF SERVICE

I, Susan Egan, hereby certify that on the 8th of April 2021, I served the attached Motion to Reconsider on Audrey Thomas, Esq., the attorney for the respondent, located at 245-17 Francis Lewis Blvd., Rosedale, New York 11422 by electronic mail (audreythomasesq@gmail.com).

SUSAN M EGAN
Digitally signed by SUSAN M EGAN
Date: 2021.04.08 08:33:47 -04'00'

---------------------------------------
Susan Egan

UNITED STATE DEPARTMEN OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
NEW YORK, NEW YORK

In the Matters of: )
)
Anna SOROKIN )
)
In removal proceedings )
)

### ORDER OF THE IMMIGRATION JUDGE

Upon consideration of DHS's **Motion to Reconsider**, it is HEREBY ORDERED that the motion be

GRANTED and the matter is scheduled for a master calendar hearing on_____.

DENIED because_____.

Other_____.

_____
Immigration Judge

_____

### Certificate of Service

This document was served by: [ ] Mail [ ] Personal Service
To: [ ] Alien [ ] Alien c/o Custodial Officer [ ] Alien's Atty/Rep [ ] DHS

Date: _____ By: Court Staff_____