Exhibit O …………………………. Decision and Order of Justice Platkin

At a Term of the Supreme Court, held in and for the County of Albany, at the Albany County Court House, Albany, on January 28, 2021.

PRESENT: HONORABLE RICHARD PLATKIN,
Supreme Court Justice Presiding.

---

In the Matter of the NEW YORK STATE OFFICE OF VICTIM SERVICES, on behalf of City National Bank, N.A., the crime victim, and all other victims of respondent's crimes,

Petitioner,

For Preliminary Injunctive Relief Pursuant to Executive Law §632-a

-against-

ANNA SOROKIN a/k/a ANNA DELVEY (Inmate No. 19-G-0366),

Respondent.

ORDER VACATING THE PRELIMINARY INJUNCTION AND DIRECTING DISPOSITION OF THE ENJOINED FUNDS AND DISCONTINUANCE OF THE EXECUTIVE LAW §632-a PROCEEDING

Index No. 3233-19

---

Petitioner, the New York State Office of Victim Services, having brought this special proceeding on behalf of crime victim Citibank, N.A., to enjoin the non-exempt portion of approximately $70,000.00 in funds obtained by Respondent ANNA SOROKIN a/k/a ANNA DELVEY pursuant to a contract entered into between said Respondent and Netflix Entertainment, LLC, dated June 8, 2018; except for $30,000 assigned to the Spodek Law Group, P.C. in payment of outstanding attorneys' fees incurred by the Respondent in relation to the aforesaid contract; and a preliminary injunction having been signed on August 26, 2019 and entered on September 6, 2019 (Platkin, J.); and,

**WHEREAS**, per a preliminary injunction was issued on August 26, 2019 and entered on September 6, 2019 (Platkin, J.) and per stipulation dated by all parties on October 7, 2019, The Spodek Law Group, P.C. maintains possession of the non-exempt balance of the frozen aforesaid funds payable to the Respondent pursuant to the aforesaid contract; and

**NOW**, upon reading the Affirmation of Assistant Attorney General Melissa A. Latino, of counsel to Letitia James, Attorney General of the State of New York, attorney for Petitioner, the New York State Office of Victim Services, dated January 7, 2021 and the exhibits annexed thereto, including a copy of a Restitution and Fines Judgment Order, dated, May 9, 2019, Indictment No. 3129-2017/2441-2018, (Kiesel, J.), entered in the New York County Clerk's Office, ordering Respondent ANNA SOROKIN a/k/a ANNA DELVEY to pay total restitution in the amount of $198,965.19 associated with her crimes of conviction, and of such funds, specifically ordering Respondent to provide restitution to Citibank, N.A., in the amount of $70,000.00; and a Restitution and Fines and Judgment Order dated March 2, 2020, ordering said Respondent pay the aforesaid amount to crime victim Citibank, N.A.; and

**WHEREAS**, the release of the aforesaid funds is necessary to pay restitution to crime victim Citibank, N.A. per a Restitution Order, Indictment No. 3129-2017/2441-2018, dated March 2, 2020 (Kiesel, J.), entered in the New York County Clerk's Office, which directed the Respondent to pay crime victim Citibank, N.A. restitution in the amount of $70,000.00; and

**WHEREAS**, due deliberation having been had thereon; and no opposition to this motion having been filed; and, upon the consent of the parties, it is hereby now

**ORDERED**, that The Spodek Law Group, P.C., shall draw a check in the amount of $70,000.00 from certain proceeds payable to Respondent ANNA SOROKIN a/k/a ANNA DELVEY (Inmate No. 19-G-0366) held in the Bank Account identified as Chase Bank Account

number 000000768086282 with routing No. 021000021, made payable to "Citibank, N.A." in satisfaction of the crime victim's judgment/restitution order against the Respondent, and shall mail such check to: Citibank, N.A., at 388 Greenwich Street, 17th Floor, New York, New York 10013, or such other address as designated by Citibank, N.A. upon its receipt of the executed order; and it is further

**ORDERED**, that upon payment of the funds as directed herein, the preliminary injunction dated August 26, 2019, and entered on September 6, 2019 (Platkin, J.), shall be vacated; and it is further

**ORDERED**, that upon payment of funds to Citibank, N.A. as directed herein, the Spodek Law Group, P.C. shall pay any and all non-exempt funds remaining in the aforesaid Bank Account to Respondent and her attorney in this action, Audrey Thomas, Esq. made payable to "Anna Sorokin and Audrey Thomas, Esq." and shall mail such funds to the Law Offices of Audrey Thomas, who shall then remit payment to Respondent Anna Sorokin after first paying herself any outstanding attorneys' fees and costs in this action, which have been agreed upon by Ms. Thomas and the Respondent; and finally it is

**ORDERED**, that this proceeding is hereby discontinued without prejudice and without interest, costs or penalties being assessed in favor of any party against the other.

Dated: Albany, New York
January 28, 2021

_____
HON. RICHARD PLATKIN

**ENTER:**

STATE OF NEW YORK
SUPREME COURT                                    COUNTY OF ALBANY

In the Matter of the NEW YORK STATE OFFICE OF
VICTIM SERVICES, on behalf of City National Bank,
N.A., the crime victim, and all other victims of
respondent's crimes,

                                           **DECISION & ORDER**

                            Petitioner,

    -against-

ANNA SOROKIN a/k/a ANNA DELVEY (Inmate No.
19-G-0366),

                            Respondent.

Index No.: 3233-19

(Judge Richard M. Platkin, Presiding)

APPEARANCES:

    THE LAW OFFICE OF AUDREY A. THOMAS, PLLC
    *Attorneys for Respondent*
    (Audrey A. Thomas, of counsel)
    245-07 Francis Lewis Boulevard
    Rosedale, New York 11422-2211

    LETITIA JAMES, ATTORNEY GENERAL
    *Attorney for Petitioner*
    (Melissa A. Latino, of counsel)
    The Capitol
    Albany, New York 12224

Hon. Richard M. Platkin, A.J.S.C.

In this special proceeding brought pursuant to Executive Law § 632-a, respondent Anna Sorokin, also known as Anna Delvey, moves for the release of certain escrowed funds. Petitioner New York State Office of Victim Services ("OVS") opposes the motion.

## BACKGROUND

Respondent was convicted in April 2019 of various theft-related offenses, including two counts of grand larceny in the second degree and one count of grand larceny in the third degree, and she was sentenced to an indeterminate term of imprisonment of 4 to 12 years (*see* Latino Aff., Ex. A). The convictions stemmed from an alleged scheme whereby respondent, a Russian citizen, pretended to be a German heiress and used her fake fortune to obtain cash and services from banks, luxury hotels and a helicopter service (*see* Thomas Aff., Ex. H; Latino Aff., Ex. C). Respondent also was ordered to pay restitution of $198,965.19 in connection with her crimes of conviction, including $100,000 to City National Bank, N.A. ("City National Bank") (*see* Latino Aff., Ex. C).

In May 2019, OVS commenced a proceeding in this Court pursuant to Executive Law § 632-a on behalf of City National Bank and the other victims of respondent's crimes (*see id.*, Ex. A). The Verified Petition sought to restrain, as profits of crime, the funds payable to respondent pursuant to a June 2018 contract with Netflix Entertainment, LLC ("Netflix"), by which respondent granted Netflix the right to use her life story to create a television series. The Court (McDonough, J.) issued a temporary restraining order enjoining the release of the Netflix funds during the pendency of OVS's application (*see id.*).

2

On August 26, 2019, the Court (Platkin, J.) granted a preliminary injunction (*see id.*, Ex. B ["PI Order"]). The PI Order froze the funds payable to respondent pursuant to the Netflix contract, except for $30,000 assigned to Spodek Law Group, P.C. ("Spodek Firm") for the legal work incurred in connection with the Netflix contract (*see id.*). Pursuant to a stipulation of the parties dated October 7, 2019, the funds paid by Netflix were deposited into the Spodek Firm's escrow account (*see* Latino Aff., ¶ 5).

In March 2020, Supreme Court, New York County (Kiesel, J.) ordered respondent to pay $100,000 in restitution to City National Bank (*see id.*, Ex. D). OVS then moved in this Court for an order directing the Spodek Firm to release $100,000 of escrowed funds to City National Bank and, "upon payment of [such] funds . . . , the preliminary injunction . . . shall be vacated to the limited extent to pay City National Bank N.A. partial restitution of such funds, and this proceeding shall be discontinued without prejudice" (*id.*, Ex. E). By order dated September 28, 2020, the Court granted OVS's unopposed motion (*see id.*).

Following the payment of restitution to City National Bank and reimbursement of its own counsel fees, the Spodek Firm continues to hold in escrow about $40,000 from the Netflix contract (*see* Latino Aff., ¶¶ 10-11).

By "emergency order to show cause" dated October 27, 2020, respondent moves for an order vacating the preliminary injunction and directing the Spodek Firm to release the remaining funds to her. Respondent seeks to use the balance of the Netflix funds to pay the legal fees associated with her criminal appeal and the defense of an anticipated removal/deportation proceeding.

3

In support of the motion, respondent states that she was granted release to parole in October 2020 and is scheduled to be released by either November 15, 2020 or sometime in January 2021, depending on the Parole Board's calculations (*see* Sorokin Aff., ¶ 17).[1] Respondent further states that, as a non-citizen who is present in the United States under a Visa Waiver Program and who has been convicted of crimes of moral turpitude (*see* 8 USC § 1227 [a] [2] [A] [i]), she may be subject to immigration detention and mandatory removal (*see* Sorokin Aff., ¶¶ 11, 18; Thomas Aff., ¶ 18). Respondent emphasizes that she has always disputed the underlying criminal charges and is appealing her conviction; she does not qualify for appointed counsel for either her criminal appeal or the potential immigration matters; and she wants to do everything within her power to remain in the United States (*see* Sorokin Aff., ¶¶ 11, 19, 24; Thomas Aff., ¶¶ 7, 40-48).

OVS opposes the application, arguing that the PI Order was vacated only to the extent of allowing $100,000 in restitution to be paid to City National Bank, and the remaining funds need to remain in escrow to satisfy the claims of respondent's other crime victims. One such victim is Citibank, N.A., which submitted an affidavit in opposition to the motion expressing its intention to pursue the recovery of $70,000 in damages from respondent (*see* Latino Aff., Ex. F). In this connection, OVS represents that it "will be imminently moving to vacate the PI Order to pay Citibank, N.A. the remaining funds held by the Spodek [Firm] in partial satisfaction of Citibank's restitution order" (Latino Aff., ¶ 16).

---

[1] Respondent's "affidavit" is unsworn and the Court has yet to receive copies of an electronic signature or notarization (*see* Sorokin Aff., ¶ 25).

## DISCUSSION

"A motion to vacate or modify a preliminary injunction is addressed to the sound discretion of the court and may be granted upon 'compelling or changed circumstances that render continuation of the injunction inequitable'" (*Thompson v 76 Corp.*, 54 AD3d 844, 846 [2d Dept 2008], quoting *Wellbilt Equip. Corp. v Red Eye Grill*, 308 AD2d 411, 411 [1st Dept 2003]; *see* CPLR 6314; *People v Scanlon*, 11 NY2d 459, 462 [1962]; *Thompson v 76 Corp.*, 37 AD3d 450, 452-453 [2d Dept 2007]).

Executive Law § 632-a, known as the Son of Sam Law, was enacted "to ensure that convicted persons who gain the ability to pay are held financially accountable to their victims regardless of their source of wealth" (*Matter of New York State Off. of Victim Servs. v Vigo*, 162 AD3d 1335, 1336-1337 [3d Dept 2018] [internal quotation marks and citation omitted], *lv denied* 32 NY3d 908 [2018]; *see Ciafone v Kenyatta*, 27 AD3d 143, 147 [2d Dept 2005]; *Matter of New York State Crime Victims Board v Jackson*, 4 AD3d 710, 710-711 [3d Dept 2004]).

Under the Son of Sam Law, New York courts "have consistently countenanced the grant of preliminary injunctions" enjoining the funds of convicted persons in order to provide their crime victims with the opportunity to pursue the recovery of money damages (*Matter of New York State Crime Victims Bd. v Harris*, 68 AD3d 1269, 1271 [3d Dept 2009]). This includes circumstances where the convicted person has a criminal appeal pending or professes to need the funds to secure the assistance of counsel (*see Matter of New York State Off. of Victim Servs. [Rodriguez]*, 66 Misc 3d 1205[A], 2019 NY Slip Op 52135[U], *3 [Sup Ct, Albany County 2019, Weinstein, J.]; *Matter of New York State Off. of Victim Servs. [Rong He]*, Sup Ct, Albany County, Dec. 23, 2015, Walsh, J., index No. 4631-15; *see also New York State Crime Victims Bd.*

5

*v Majid*, 193 Misc 2d 710, 715 [Sup Ct, Albany County 2002, Malone, Jr., J.] ["no equities flow() in favor of" convicted persons]).

Thus, it is by now well settled that a crime victim's right to pursue money damages must take precedence over a convicted person's desire to use the profits of his or her crime to secure the assistance of counsel, whether the funds are sought to challenge the underlying criminal convictions or to defend against civil litigation or administrative proceedings arising from or relating to criminal convictions.[2]

OVS submits proof that another qualifying victim of respondent's crimes of conviction, Citibank, has commenced, or intends to commence, a lawsuit against respondent to recover damages totaling $70,000 (*see* Latino Aff., Ex. F). OVS further represents that it "will be imminently moving to vacate the PI order to pay Citibank" the remaining funds held in escrow by the Spodek Firm "in partial satisfaction of Citibank's restitution order" (Latino Aff., ¶ 16; *see id.*, Ex. C). Notably, the balance remaining from the Netflix contract does not cover Citibank's full claim against respondent or the potential claims of respondent's other crime victims (*see id.*, Ex. C; *cf. New York State Off. of Victim Servs. v Mims*, 2014 NY Slip Op 30035[U], *2 [Sup Ct, Albany County 2014, Teresi, J.]).

The Court therefore concludes that the present record fails to disclose "compelling or changed circumstances that render continuation of the [preliminary] injunction inequitable" (*Thompson*, 54 AD3d at 846 [internal quotation marks and citation omitted]).

---

[2] CPLR 5205 (k) does permit a convicted person to retain the attorney's fees associated with procuring a civil judgment that awards compensatory damages, but no similar exemption is provided for other types of attorney's fees (*see Rong He*, index No. 4631-15 at 6 ["Had the Legislature intended . . . an exemption of funds for the retention of counsel, it would have explicitly made such an exception"]).

## CONCLUSION

Accordingly, it is

**ORDERED** that respondent's motion to vacate the preliminary injunction is denied in all respects.

This constitutes the Decision & Order of the Court, the original of which is being transmitted to petitioner's counsel; all other papers are being delivered to the Albany County Clerk. The signing of this Decision & Order shall not constitute entry or filing under CPLR 2220, and counsel is not relieved from the applicable provisions of that section respecting filing, entry and notice of entry.

Dated: Albany, New York
November 13, 2020

RICHARD M. PLATKIN
A.J.S.C.

Papers Considered:

1. Emergency Order to Show Cause, dated October 27, 2020; Affirmation of Urgency of Audrey A. Thomas, Esq., dated October 25, 2020; Affirmation in Support of Emergency Order to Show Cause of Audrey A. Thomas, Esq., dated October 25, 2020, with annexed exhibits; Affidavit of Anna Sorokin (unsigned and unsworn), dated October 26, 2020; and

2. Affirmation in Opposition to Respondent's Motion to Vacate of Melissa A. Latino, Esq., dated November 5, 2020, with annexed exhibits.