Exhibit T1…………………………. DHS Evidence on Bond Pt 1

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**NEW YORK, NEW YORK**

_____

| | |
|---|---|
| In the Matter of: )| |
| )| |
| **SOROKIN, ANNA** )| File No.: ▓▓▓▓ |
| )| |
| In Bond  Proceedings )| |

_____

**U.S. DEPARTMENT OF HOMELAND SECURITY'S**
**PROFFER OF EVIDENCE**

Attached please find the following documents in connection with the proceedings involving the

above-referenced individual:

    A.  District Court Order
    B.  Immigration Charging Documents
    C.  Conviction Records
    D.  IJ decision denying bond
    E.  IJ decision denying relief
    F.  Sworn Statement showing no fear
    G.  RAP

Respectfully Submitted,


_____         _____
Date                        Assistant Chief Counsel/Senior Attorney
                            OPLA NYC



**Certificate of Service**

I, **Sarah Jolly**, hereby certify that on October 1, 2021, I caused a copy of the foregoing to be
served upon respondent's counsel, Audrey Thomas, Esq. via ICE eService, pursuant to the
Terms and Conditions agreed to between the parties. Additionally, a courtesy copy was provided
via email.


_____         _____
Date                        Assistant Chief Counsel/Senior Attorney
                            OPLA NYC



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Anna SOROKIN, | |
| Petitioner, | **No. 21 Civ. 6588 (JMF)** |
| - against - | **STIPULATION AND** |
| Carl E. DUBOIS, *et al.*, | **[PROPOSED] ORDER** |
| Respondents. | |

WHEREAS, petitioner Anna Sorokin brought this habeas action under 28 U.S.C. § 2241 challenging her detention by U.S. Immigration and Customs Enforcement ("ICE") without a bond hearing and seeking an order from this Court requiring that she be released or given a bond hearing with certain criteria;

WHEREAS, Ms. Sorokin is a citizen of Germany who was admitted to the United States on June 7, 2017 under the provisions of the Visa Waiver Program ("VWP"), under which she was authorized to remain in the United States for a period not to exceed 90 days, *i.e.*, September 5, 2017; Ms. Sorokin remained in the United States beyond the authorized date;[1]

WHEREAS, on October 25, 2017, Ms. Sorokin was arrested by law enforcement in New York on several counts of attempted grand larceny in the first degree and grant larceny in the second degree, theft of services, and grand larceny in the third degree; the total value of property Ms. Sorokin was alleged to have stolen or attempted to steal exceeded $2,153,000;

---

[1] In July 2021, Ms. Sorokin filed with U.S. Citizenship and Immigration Services ("USCIS") a Form I-539, Application to Extend/Change Nonimmigrant Status. On August 26, 2021, USCIS denied that application because Ms. Sorokin was admitted under the VWP, and thus was prohibited from extending her period of authorized stay.

WHEREAS, on April 24, 2019, Ms. Sorokin was convicted after a jury trial of attempted grand larceny, two counts of grand larceny in the second degree, theft of services, and grand larceny in the third degree; she was sentenced to four to twelve years' imprisonment, fined, and ordered to pay restitution to her victims;[2]

WHEREAS, ICE subsequently charged Ms. Sorokin as removable pursuant to the Immigration and Nationality Act in that, after admission as a nonimmigration under Section 101(a)(15) of the Act, she remained in the United States for a time longer than permitted;

WHEREAS, on February 9, 2021, ICE issued a Final Administrative Removal Order, determining that Ms. Sorokin was removable as charged and ordering her removed from the United States to Germany;

WHEREAS, on February 11, 2021, Ms. Sorokin was released from incarceration;

WHEREAS, on March 25, 2021, ICE arrested Ms. Sorokin, served her with a copy of the Final Administrative Removal Order, and detained her pending her removal to Germany;

WHEREAS, on or about March 30, 2021, after Ms. Sorokin made a request for asylum and in accordance with 8 C.F.R. § 208.2(c), ICE filed with the Varick Street Immigration Court a Form I-863, Notice of Referral to Immigration Judge, placing Ms. Sorokin in asylum-only proceedings as a VWP violator;

WHEREAS, on April 6, 2021, pursuant to a motion for custody redetermination submitted by Ms. Sorokin, an immigration judge held a bond hearing under 8 U.S.C. § 1226(a); at the conclusion of that bond hearing, the immigration judge denied bond, determining that Ms. Sorokin failed to demonstrate that she is not a danger to the community;

---

[2] In June 2019, Ms. Sorokin filed a direct appeal of that conviction, which remains pending.

**21 Civ. 6588 (JMF)**

WHEREAS, on April 25, 2021, the immigration judge vacated his April 6 bond determination following a motion for reconsideration filed by ICE, in which ICE argued that the immigration court lacked jurisdiction to redetermine custody for Ms. Sorokin because she was a VWP violator in asylum-only proceedings; the immigration judge agreed and denied Ms. Sorokin's request for a change in custody status for lack of jurisdiction;

WHEREAS, on June 15, 2021, an immigration judge denied Ms. Sorokin's applications for relief from removal and ordered her removed from the United States to Germany;

WHEREAS, Ms. Sorokin appealed that decision to the Board of Immigration Appeals, and that appeal remains pending as of today's date;

WHEREAS, on September 6, 2021, Ms. Sorokin filed an amended habeas petition in this Court seeking an order from the Court requiring that she be released or given a bond hearing with certain criteria, arguing, *inter alia*, that her detention under either 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231 violates due process;

WHEREAS, it is the government's position that Ms. Sorokin's amended habeas petition is without merit because, among other things, Ms. Sorokin's present detention is neither governed by § 1226(c) nor § 1231, and thus her petition arguably fails to state a claim; and

WHEREAS, nevertheless, based on the specific facts and circumstances of this case, and without conceding the merits of the case, and without waiver or prejudice to the government's ability to defend its detention authority in other similar or dissimilar cases, and in the interests of preserving party and judicial resources and expediting the resolution of this case, the Department of Justice's Executive Office for Immigration Review ("EOIR") has agreed to provide Ms. Sorokin with a bond hearing; therefore

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, that:

1. This action shall be and hereby is dismissed without prejudice and without costs or attorney's fees to either party.

2. The government shall, within 14 days of the date of the entry of the Court's so-ordering of this stipulation on the docket, provide Ms. Sorokin with an individualized bond hearing before an immigration judge at which ICE bears the burden of establishing, by clear and convincing evidence, that she poses a danger to the community or a flight risk. At that hearing, the immigration judge must consider alternative conditions of release with respect to both dangerousness and risk of flight. If the immigration judge sets a monetary bond, he or she must consider Ms. Sorokin's ability to pay in determining the appropriate bond amount.

3. The government has agreed to take this action based on the specific facts and circumstances presented in this matter, and nothing in this stipulation shall be construed as a concession of any rights or arguments by the government; nor shall it be construed to require the government to provide a bond hearing to any other noncitizen in similar or dissimilar circumstances, and this agreement shall in no way be used to undermine the government's litigation position in any other case.

[rest of page intentionally left blank]

**21 Civ. 6588 (JMF)**

Rosedale, New York
September 27 , 2021

THE LAW OFFICE OF
AUDREY THOMAS PLLC
Attorney for Petitioner

Audrey A. Thomas, Esq.
245-07 Francis Lewis Boulevard
Rosedale, New York 11422
Tel.    (718) 276-2729

New York, New York
September 27, 2021

AUDREY STRAUSS
United States Attorney for the
Southern District of New York
Attorney for Respondents

Brandon M. Waterman, Esq.
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.    (212) 637-2741

SO ORDERED:

HON. JESSE M. FURMAN
UNITED STATES DISTRICT JUDGE

September 27, 2021

The Clerk of Court is directed to close this case.  All conferences are canceled.

**21 Civ. 6588 (JMF)**

B

Department of Homeland Security
US Immigration and Customs Enforcement

**Notice to EOIR: Alien Address**

---

Date:   March 31, 2021

To:   Office of the Immigration Judge, EOIR
201 Varick Street Room 507
New York, NY 10014

From:   ICE ERO
201 Varick Street, Rm. 1219
New York, NY 10014

Respondent: **Sorokin, Anna**                         A Number: ▮▮▮▮▮▮

---

This is to notify you that this respondent is:

☐ Currently incarcerated by federal, state or local authorities.  A charging document has been served on the respondent and an Immigration Detainer-Notice of Action by ICE (Form I-247) has been filed with the institution shown below.  He/she is incarcerated at:

His/her anticipated release date is.

☒ Detained by ICE on: 03/25/2021
@ Bergen County Jail
160 South River Street
Hackensack, NJ   07061

☐ Detained by ICE and transferred on                    *to:*

☐ Released from ICE custody on the following condition(s):
  ☐ Order of Supervision or Own Recognizance (Form I-220A)
  ☐ Bond in the amount of *Enter Dollar Amount of Respondent's Bond*
  ☐ Removed, Deported, or Excluded
  ☐ Other

---

Upon release from ICE custody, the respondent reported his/her address and telephone number would be:

☐ I hereby certify that the respondent was provided an EOIR-33 Form and notified that they must inform the Immigration Court of any further change of address.

ICE Official:  Mascia, Deportation Officer

U.S. Department of Homeland Security

## Notice of Referral to Immigration Judge

| | |
|---|---|
| **Date** | **March 30, 2021** |
| **A-File** | |

**Name** ANNA SOROKIN

Germany

**Place and Manner of Arrival** NEWARK, NJ; Air Conveyance

**Date of Arrival** June 7, 2017

### To immigration judge:

☐ 1. The above-named alien has been found inadmissible to the United States and ordered removed pursuant to section 235(b)(1) of the Immigration and Nationality Act (Act). A copy of the removal order is attached. The alien has requested asylum and/or protection under the Convention against Torture and the matter has been reviewed by an asylum officer who has concluded the alien does not have a credible fear of persecution or torture. The alien has requested a review of that determination in accordance with section 235(b)(1)(B)(iii)(III) of the Act and 8 CFR § 208.30(g).

☐ 2. The above-named alien arrived in the United States as a stowaway and has been ordered removed pursuant to section 235(a)(2) of the Act. The alien has requested asylum and/or withholding of removal under the Convention against Torture and the matter has been reviewed by an asylum officer who has concluded the alien does not have a credible fear of persecution or torture. The alien has requested a review of that determination in accordance with section 235(b)(1)(B)(iii)(III) of the Act.

☒ 3. The above-named alien arrived in the United States in the manner described below and has requested asylum and/or withholding of removal under the Convention against Torture. The matter is referred for a determination in accordance with 8 CFR § 208.2(c). Arrival category (check one):

| | | |
|---|---|---|
| ☐ Crewmember/applicant | ☐ Crewmember/refused | ☐ Crewmember/landed |
| ☐ Crewmember/violator | ☐ VWP/applicant | ☒ VWP/violator |
| ☐ 235(c) order | ☐ S-visa nonimmigrant | ☐ Stowaway: credible fear determination attached |

☐ 4. The above-named alien has been ordered removed by an immigration officer pursuant to section 235(b)(1) of the Act. A copy of the removal order is attached. In accordance with section 235(b)(1)(C) of the Act, the matter is referred for review of that order. The above-named alien claims to be (check one):

| | |
|---|---|
| ☐ a United States citizen | ☐ a lawful permanent resident alien |
| ☐ an alien granted refugee status under section 207 of the Act | ☐ an alien granted asylum under section 208 of the Act. |

☐ 5. The above-named alien has been ordered removed pursuant to section 238(b) of the Act, or the Department of Homeland Security (DHS) has reinstated a prior exclusion, deportation, or removal order of the above-named alien pursuant to section 241(a)(5) of the Act. A copy of the removal order and, if applicable, the notice of reinstatement, are attached. The alien has expressed fear of persecution or torture and the claim has been reviewed by an asylum officer who has concluded the alien does not have a reasonable fear of persecution or torture. The alien has requested a review of that determination in accordance with 8 CFR §§ 208.31(f) and (g).

☐ 6. The above-named alien has been ordered removed pursuant to section 238(b) of the Act, or the DHS has reinstated a prior exclusion, deportation, or removal order of the above-named alien pursuant to section 241(a)(5) of the Act. A copy of the removal order and, if applicable, the notice of reinstatement, are attached. The alien has expressed fear of persecution or torture and the claim has been reviewed by an asylum officer who has concluded the alien has a reasonable fear of persecution or torture. The matter is referred for a determination in accordance with 8 CFR § 208.31(e).

☐ 7. The Secretary of Homeland Security has determined that the release from custody of the above-named alien who is under a final order of removal would pose a special danger to the public according to the standards set in 8 CFR § 241.14(f)(1). The DHS has therefore invoked procedures to continue the alien's detention even though there is no significant likelihood that the alien will be removed from the United States in the reasonably foreseeable future. The matter is referred to the immigration judge for a review of this determination in accordance with 8 CFR § 241.14(g).

Form I-863 (Rev. 08/01/07)

U.S. Department of Homeland Security                                    **Notice of Referral to Immigration Judge**

## NOTICE TO APPLICANT

You are ordered to report for a hearing before an immigration judge for the reasons stated above. Your hearing is scheduled on

_____**TBD**_____ at _____**TBD**_____ . You are to appear at _____**New York Varick**_____
   (Date)                    (Time)

**Office of the Immigration Jude, EOIR 201  Varick Street Room 507 New York, NY 10014**
_____
                                     (Complete office address)

☒ You may be represented in this proceeding, at no expense to the government, by an attorney or other individual authorized and qualified to represent persons before an Immigration Court. If you wish to be so represented, your attorney or representative should appear with you at this hearing. In the event of your release from custody, you must immediately report any change of your address to the Immigration Court on Form EOIR-33, which is provided with this notice. If you fail to appear for a scheduled hearing, a decision may be rendered in your absence.

☒ You may consult with a person or persons of your own choosing prior to your appearance in Immigration Court. Such consultation is at no expense to the government and may not unreasonably delay the process.

☒ Attached is a list of recognized organizations and attorneys that provide free legal service.

JASON MASCIA   Digitally signed by JASON MASCIA
               Date: 2021.03.30 18:54:35 -04'00'   **(A) SDDO**
_____
       (Signature and title of immigration officer)

## CERTIFICATE OF SERVICE

☐ The contents of this notice were read and explained to the applicant in the ___*English*___ language.

☐ The original of this notice was delivered to the above-named applicant by the undersigned on _3/31/2021_ and the alien has been advised of communication privileges pursuant to 8 CFR 236.1(e). Delivery was made:

☑ in person            ☐ by certified mail, return receipt requested            ☐ by regular mail

                                                                          D.O.
                                    _____
                                         (Signature and title of immigration officer)

**Attachments to copy presented to immigration judge:**

☐ Passport                                    ☐ Form I-860

☐ Visa                                        ☐ Form I-869

☐ Form I-94                                   ☐ Form I-898

☐ Forensic document analysis                  ☐ Asylum officer's reasonable fear determination worksheet (I-899)

☐ Fingerprints and photographs               ☐ Asylum officer's credible fear determination worksheet (I-870)

☐ EOIR-33

☐ **FOR 8 CFR 241.14(f) CASES ONLY:** Written statement including summary of the basis for the Secretary's determination to continue the alien in detention, and description of the evidence relied on in finding the alien specially dangerous (with supporting documents attached).

☐ **FOR 8 CFR 241.14(f) CASES ONLY:** Written notice advising the alien of initiation of proceedings and informing alien of procedures governing the Reasonable Cause Hearing at 8 CFR 241.14(h).

☐ Other (specify): _____

DEPARTMENT OF HOMELAND SECURITY
U.S. Immigration and Customs Enforcement

**VISA WAIVER PROGRAM (VWP)
FINAL ADMINISTRATIVE REMOVAL ORDER**

File Number: ▨

Alien's Name:  SOROKIN, ANNA

**VISA WAIVER PROGRAM VIOLATOR**

Based upon the allegations set forth in the Notice of Intent and evidence contained in the administrative record, I, the undersigned Deciding Official of the Department of Homeland Security (DHS), make the following determinations:

1.  You are not a citizen or national of the United States;

2.  You were admitted to the United States as a nonimmigrant visitor on  __06/07/2017__ at __NEWARK, NJ__ pursuant to Section 217 of the Immigration and Nationality Act under the Visa Waiver Program after executing Form I-94W, Nonimmigrant Visa Waiver Arrival/Departure Document or the Electronic System of Travel Authorization (ESTA), either of which explained to you the conditions of admission under the Visa Waiver Program and that you waived any right to contest, other than on the basis of an application for asylum, any action for your removal; and

3.  The administrative record establishes by clear and convincing evidence that you are removable.

By the power and authority vested in the Secretary of Homeland Security, and in me as the Secretary's delegate under the laws of the United States, I find you removable as charged and order that you be removed from the United States.

You are hereby ordered removed to: __GERMANY__ . This order is final and not subject to administrative appeal.
(Country)

**You have limited judicial appeal rights. DHS will proceed with your removal from the United States unless a court order is issued to stay your removal or an application for asylum, withholding or deferral of removal is pending before the Department of Justice, Executive Office for Immigration Review.**

I, the undersigned officer of the United States, by virtue of the power and authority vested in the Secretary of Homeland Security under the laws of the United States and by his or her direction, command any DHS Officer with authority to enforce United States immigration law to take into custody and remove from the United States, the above-named alien.

| | | |
|---|---|---|
| T 0159 FEELEY - FOD | BATAVIA, NY | FEB 0 9 2021 |
| (Printed Name, Title, and Signature of Deciding Official) | (City and State) | (Date) |

---

**Certificate of Service**

I personally served this Final Administrative Removal Order on the alien. I have determined that the person served with this document is the individual named on this form. I explained this Final Administrative Removal Order to the alien in the __ENGLISH__

language, and confirmed that he/she understood it, ☑ without the need of an interpreter; OR ☐ via an interpreter,

_____ (Name/Title/ID/Company).

_FASCE 3747_  Deportation Officer                                   3/25/2021
(Printed Name, Signature and Title of Officer)                      (Date)

I acknowledge that I have received a copy of this Final Administrative Removal Order.

_____        _____
(Alien's Signature)                                           (Date)

☒  Alien refused to acknowledge receipt of this document (Witness signature required if alien refuses to sign).

_FASCE, Neda form DO 3747 Clingain DJ, SDDO_ 3/25/2021
(Printed Name, Signature and Title of Witness)                      (Date)

ICE Form 71-060 (1/16)                                                    Page 1 of 1



Certificate #: C-000000719-N



**New York County Supreme Ct/CRM**

Page 1 of 2

**NO FEE**

The People of the State of New York
vs.
**ANNA SOROKIN**

**Certificate of Disposition**
Docket/Case Number: **03129-2017**
Summons Number:

Defendant DOB: **01/23/1991**     Incident Date: **11/21/2016**     Arrest Date: **10/25/2017**     Arraignment Date: **10/26/2017**

THIS IS TO CERTIFY that the undersigned has examined the files of the **New York County Supreme Ct/CRM** concerning the above entitled matter and finds the following:

| Number of Charges | Sentence Charge | Charge Weight | Charge Description | Conviction Type | Conviction/ Sentence Date | Sentence Highlight |
|---|---|---|---|---|---|---|
| 1 | PL 110-155.42 00  1st Degree | CF | Attempted GRAND LARCENY | Tried And Found Guilty | Conv: 04/25/2019 Sent: 05/09/2019 | • Fine $21000 • Imprisonment 4 Years - 12 Years • Restitution |
| 1 | PL 155.40 01 2nd Degree | CF | GRAND LARCENY | Tried And Found Guilty | Conv: 04/25/2019 Sent: 05/09/2019 | • Imprisonment 4 Years - 12 Years |
| 1 | PL 155.40 01 2nd Degree | CF | GRAND LARCENY | Tried And Found Guilty | Conv: 04/25/2019 Sent: 05/09/2019 | • Imprisonment 4 Years - 12 Years |
| 1 | PL 165.15 03 | AM | THEFT OF SERVICES | Tried And Found Guilty | Conv: 04/25/2019 Sent: 05/09/2019 | • Imprisonment 364 Days |
| 1 | PL 155.35 01 3rd Degree | DF | GRAND LARCENY | Tried And Found Guilty | Conv: 04/25/2019 Sent: 05/09/2019 | • Imprisonment 28 Months - 7 Years |

Weight of Charge:   I-Infraction, V-Violation, M-Misdemeanor, AM-'A'Misdemeanor, BM-'B'Misdemeanor, UM-Unclassified Misdemeanor
AF-'A'Felony, BF-'B'Felony, CF-'C'Felony, DF-'D'Felony, EF-'E'Felony

MAR 0 4 2021

_____          _____
Date                                      Clerk of the Court

**CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL**

Pursuant to Judiciary Law § 212.2(z), a certificate of disposition for the public contains only records of convictions, if any, and information about pending cases.

Charges shown may not be the same as the original arrest charges

Marijuana convictions under PL § 221.05 or 221.10 are vacated, dismissed and expunged as of August 28, 2019. The court system is in the process of updating its records, but in the meantime, it is an unlawful discriminatory practice, unless specifically required or permitted by statute, for any entity to make any inquiry about an expunged conviction or to use an expunged conviction adversely, whether in any form of application or otherwise, against such individual.

Pursuant to section 70.15 of the Penal Law, any misdemeanor sentence with a jail term of "1 year", "12 months", "52 weeks", or "365 days" is, by operation of law, deemed to be a sentence of 364 days. Any Certificate of Disposition indicating a jail sentence of "1 years", "12 months", "52 weeks", or "365 days" for a misdemeanor conviction shall be interpreted as a sentence of 364 days.

Certificate #:C-000000719-N                    **New York County Supreme Ct/CRM**                                    Page 2 of 2

CPL 160.55: Official records related to the arrest and prosecution on file with the Division of Criminal Justice Services, police agencies and/or the prosecutor's office are sealed, however, court records remain available for public inspection.

It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law, in connection with the licensing, employment or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. [Executive Law § 296 (16)]

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PT 31 OCT 2 6 2017

THE PEOPLE OF THE STATE OF NEW YORK

-against-

ANNA SOROKIN A/K/A ANNA SOROKIN-
DELVEY A/K/A ANNA DELVEY,

Defendant.

DATE   MAR 0 4 2021

I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

THE GRAND JURY OF THE COUNTY OF NEW YORK, by this indictment, accuses the

defendant of the crime of **AN ATTEMPT TO COMMIT THE CRIME OF GRAND LARCENY**

**IN THE FIRST DEGREE**, in violation of Penal Law §§110/155.42, committed as follows:

The defendant, in the County of New York, during the period from on or about November

21, 2016 to on or about December 16, 2016, attempted to steal property from City National Bank

and the value of the property exceeded one million dollars.


SECOND COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuses the defendant

of the crime of **AN ATTEMPT TO COMMIT THE CRIME OF GRAND LARCENY IN THE**

**FIRST DEGREE**, in violation of Penal Law §§110/155.42, committed as follows:

The defendant, in the County of New York, during the period from on or about December

30, 2016 to on or about February 2, 2017, attempted to steal property from Fortress Investment

Group LLC and the value of the property exceeded one million dollars.

THIRD COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuses the defendant of the crime of **GRAND LARCENY IN THE SECOND DEGREE**, in violation of Penal Law §155.40(1), committed as follows:

The defendant, in the County of New York, during the period from on or about January 11, 2017 to on or about January 12, 2017, stole property from City National Bank and the value of the property exceeded fifty thousand dollars.

FOURTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuses the defendant of the crime of **GRAND LARCENY IN THE SECOND DEGREE**, in violation of Penal Law §155.40(1), committed as follows:

The defendant, in the County of New York, during the period from on or about April 7, 2017 to on or about April 11, 2017, stole property from Citibank, N.A. and the value of the property exceeded fifty thousand dollars.

FIFTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuses the defendant of the crime of **GRAND LARCENY IN THE SECOND DEGREE**, in violation of Penal Law §155.40(1), committed as follows:

The defendant, in the County of New York, during the period from on or about April 1, 2017 to on or about May 23, 2017, stole property from Rachel Williams and the value of the property exceeded fifty thousand dollars.

DATE **MAR 0 4 2021**
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

*Milton Adair Tingling*

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

SIXTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuses the defendant of the crime of **THEFT OF SERVICES**, in violation of Penal Law §165.15(3), committed as follows:

The defendant, in the County of New York, during the period from on or about May 5, 2017 to on or about May 8, 2017, with intent to obtain air service without payment of the lawful charge therefor, and to avoid payment of the lawful charge for such transportation service which had been rendered to her, obtained and attempted to obtain such service and avoided and attempted to avoid payment therefor by force, intimidation, stealth, deception and mechanical means, and by unjustifiable failure and refusal to pay.


SEVENTH COUNT:

AND THE GRAND JURY AFORESAID, by this indictment, further accuses the defendant of the crime of **GRAND LARCENY IN THE THIRD DEGREE**, in violation of Penal Law §155.35(1), committed as follows:

The defendant, in the County of New York, during the period from on or about August 17, 2017 to on or about August 22, 2017, stole property from Signature Bank, N.A. and the value of the property exceeded three thousand dollars.

DATE **MAR 0 4 2021**
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

*Melton Adam Tingling*

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

CYRUS R. VANCE, JR.
District Attorney

GJ #-

Filed:                                    NA

No.
3/29 - 2017

THE PEOPLE OF THE STATE OF NEW YORK

-against-

ANNA SOROKIN A/K/A ANNA SOROKIN-
DELVEY A/K/A ANNA DELVEY,

Defendant.

---

INDICTMENT

AN ATTEMPT TO COMMIT THE CRIME OF GRAND LARCENY IN THE FIRST DEGREE, P.L. §§110/155.42, 2 Cts
GRAND LARCENY IN THE SECOND DEGREE, P.L. §155.40(1), 3 Cts
THEFT OF SERVICES, P.L. §165.15(3)
GRAND LARCENY IN THE THIRD DEGREE, P.L. §155.35(1)

---

CYRUS R. VANCE, JR., District Attorney

DATE   MAR 0 4 2021
I hereby certify that the foregoing
paper is a true copy of the original
thereof, filed in my office.

A True Bill

County Clerk and Clerk of the
Supreme Court New York County
OFFICIAL USE

Catherine McCaw
Financial Frauds Bureau

Foreman

ADJOURNED TO PART _____ ON _____



**U.S. Department of Justice**

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

2021 MAY -4 AM 11: 08

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**Thomas, Audrey**
**The Law Offices of Audrey A. Thomas P.C.**
**245-07 Francis Lewis Blvd**
**Rosedale, NY 11422**

**DHS/ICE Office of Chief Counsel - NYD**
**201 VARICK STREET, RM. 1130**
**New York, NY 10014**

**Name: SOROKIN, ANNA**

**Type of Proceeding: Removal**

**Date of this notice: 4/30/2021**

**Type of Appeal: Bond Appeal**

**Filed By: <u>Alien</u>**

**NOTICE -- BRIEFING SCHEDULE**

**o**  Enclosed is a copy of the decision of the Immigration Judge.  If you are receiving this notice electronically, the Immigration Judge's decision is viewable online in the electronic record of proceedings.

**o**  Appealing party is granted until  5/21/2021          to submit a brief to the Board of Immigration Appeals.  The brief must be **RECEIVED** at the Board on or before this date.

**o**  Opposing party is granted until  5/21/2021          to submit a brief to the Board of Immigration Appeals.  The brief must be **RECEIVED** at the Board on or before this date.

**o**  **BOND** - Transcripts are not prepared for appeals from an Immigration Judge's decision in bond proceedings.  If you wish to listen to the audio recording of the custody hearing or obtain copies of audio recordings, you should contact the Immigration Court for assistance.  You may also address the need for a transcript in your brief to the Board.

**WARNING:**  If you indicate on the Notice of Appeal (Form EOIR-26) that you will file a brief or statement, you are expected to file a brief or statement in support of your appeal.  If you fail to file a brief or statement within the time set for filing in this briefing schedule, the Board may summarily dismiss your appeal.  See 8 C.F.R. § 1003.1(d)(2)(i)(E).

If you are an alien and you received this notice, you are not represented by an attorney or accredited representative.  An attorney or accredited representative must file a Notice of Entry of Appearance (Form EOIR-27) to represent you.  8 C.F.R. § 1003.3(a)(3) and 1003.38(g).  Until a Form EOIR-27 is received, you are responsible for submitting a brief, and any submissions by anyone other than you will be rejected.

<u>**FILING INSTRUCTIONS**</u> **-- In General.**

**IMPORTANT:  Briefs and other submissions should always be paginated.  Parties must limit the body of their briefs or motions to 25 pages.  If a party believes it cannot adequately dispose of the issues in the case within the page limit, the party should file the brief along with**

**a motion to increase the page limit. See Chapter 3.3(c)(3) (Number of pages) and 4.6(b) (Brief writing guidelines) of the Board's Practice Manual.**

**The Board of Immigration Appeals has included two copies of this notice. Please attach one copy of this notice to the front of your brief when you mail or deliver it to the Board, and keep one for your records. Thank you for your cooperation.**

A fee is not required for the filing of a brief. Your brief must be RECEIVED at the Clerk's Office at the Board of Immigration Appeals within the prescribed time limits. It is NOT sufficient simply to mail the brief and assume your brief will arrive on time. We strongly urge the use of an overnight courier service to ensure the timely filing of your brief.

If you have any questions about how to file something at the Board, please review the Board's Practice Manual, found within the EOIR Policy Manual at www.justice.gov/eoir.

Certificate of service on the opposing party at the address above is required for ALL submissions to the Board of Immigration Appeals -- including correspondence, forms, briefs, motions, and other documents. If you are the Respondent or Applicant, the "Opposing Party" is the DHS Counsel or the Director for HHS/ORR at the address shown above. Your certificate of service must clearly identify the document sent to the opposing party, the opposing party's name and address, and the date it was sent to them. Any submission filed with the Board without a certificate of service on the opposing party will be rejected.

**FILING ADDRESS:**

Board of Immigration Appeals
Clerk's Office
5107 Leesburg Pike, Suite 2000
Falls Church, VA  22041

Business hours:  Monday through Friday, 8:00 a.m. to 4:30 p.m.

Use of an overnight courier service is strongly encouraged to ensure timely filing.

**FILING INSTRUCTIONS -- Extension Request.**

Extension requests must be **RECEIVED** at the Board on or before the expiration of the initial briefing schedule. Requests for extension of briefing time received after expiration of the initial briefing schedule, will not be granted.

Unless you receive a Board Notice granting your extension request, your brief will remain due on the date stated above.

Extensions of briefing time are not favored and will only be granted for good cause. All extension requests must be in writing. Telephonic or fax requests will not be accepted.

A second briefing extension request will not be granted, except in extraordinary circumstances.

LeH
**Userteam**:PCM

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
201 VARICK ST., RM 1140
NEW YORK, NY  10014

The Law Offices of Audrey A. Thomas P.C.
Thomas, Audrey
245-07 Francis Lewis Blvd
Rosedale, NY  11422

A COPY OF THIS DECISION WAS
                          ALIEN  ATTY  DHS
PERSONALLY SERVED  ☐    ☐    ☒
SERVED VIA MAIL    ☐    ☒    ☐
SERVED VIA FAX     ☐    ☐    ☐
DATE 4/28 IJ  TSA  LEGAL ASST  RM

In the matter of            File A [REDACTED]        DATE: Apr 26, 2021
SOROKIN, ANNA

__ Unable to forward - No address provided.

_X_ Attached is a copy of the decision of the Immigration Judge. This decision
    is final unless an appeal is filed with the Board of Immigration Appeals
    within 30 calendar days of the date of the mailing of this written decision.
    See the enclosed forms and instructions for properly preparing your appeal.
    Your notice of appeal, attached documents, and fee or fee waiver request
    must be mailed to:   Board of Immigration Appeals
                         Office of the Clerk
                         5107 Leesburg Pike, Suite 2000
                         Falls Church, VA 22041

__ Attached is a copy of the decision of the immigration judge as the result
   of your Failure to Appear at your scheduled deportation or removal hearing.
   This decision is final unless a Motion to Reopen is filed in accordance
   with Section 242b(c)(3) of the Immigration and Nationality Act, 8 U.S.C. §
   1252b(c)(3) in deportation proceedings or section 240(b)(5)(C), 8 U.S.C. §
   1229a(b)(5)(C) in removal proceedings.  If you file a motion to reopen, your
   motion must be filed with this court:
                         IMMIGRATION COURT
                         201 VARICK ST., RM 1140
                         NEW YORK, NY  10014

__ Attached is a copy of the decision of the immigration judge relating to a
   Reasonable Fear Review. This is a final order. Pursuant to 8 C.F.R. §
   1208.31(g)(1), no administrative appeal is available. However, you may file
   a petition for review within 30 days with the appropriate Circuit Court of
   Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA §242.

__ Attached is a copy of the decision of the immigration judge relating to a
   Credible Fear Review. This is a final order. No appeal is available.

__ Other: _____


                              R. Rafailov
                              COURT CLERK
                              IMMIGRATION COURT                    FF

     cc: ASSISTANT CHIEF COUNSEL
         201 VARICK STREET, ROOM #1130
         NEW YORK, NY, 10014



UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
201 VARICK STREET
NEW YORK, NEW YORK

File No.: ▮▮▮▮▮▮▮

|  |  |  |
|---|---|---|
| In the Matter of: | : | |
| | : | |
| **SOROKIN, ANNA** | : | **BOND PROCEEDINGS** |
| | : | |
| The respondent. | : | |
| | : | |

**ON BEHALF OF THE RESPONDENT**
Audrey A. Thomas, Esq.
The Law Office of Audrey Thomas PLLC
245-07 Francis Lewis Blvd.
Rosedale, New York 11422

**ON BEHALF OF THE DEPARTMENT**
Susan Egan, Esq.
Assistant Chief Counsel
201 Varick Street, Room 1130
New York, New York 10014

<u>**MEMORANDUM DECISION OF THE IMMIGRATION JUDGE**</u>

**I.    PROCEDURAL HISTORY**

Anna Sorokin ("the respondent") is a native of the USSR and a citizen of Germany. *See* ICE Form 71-058, Visa Waiver Program, Notice of Intent to Issue a Final Administrative Removal Order. She was admitted to the United States at Newark, New Jersey on or about June 7, 2017 as a nonimmigrant visitor pursuant to INA § 217 under the Visa Waiver Program ("VWP") with authorization to remain for a temporary period not to exceed September 4, 2017. *Id.* The respondent remained in the United States beyond September 4, 2017 without authorization from the Department of Homeland Security ("the Department"). *Id.*

The Department subsequently charged the respondent as removable pursuant to the Immigration and Nationality Act ("INA") § 237(a)(1)(B), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, she remained in the United States for a time longer than permitted. *Id.* On February 9, 2021, the Department issued a Final Administrative Removal Order, finding the respondent removable as charged and ordering her removed from the U.S. to Germany. *See* ICE Form 71-060, VWP Final Administrative Removal Order. The Department served the Final Order on the respondent on March 25, 2021, and thereafter detained her in the custody of the U.S. Immigration and Customs Enforcement at Bergen County Jail. *Id.*; *see also* Form I-830, Notice to EOIR: Alien Address. On March 30, 2021, the Department filed a Form I-863, Notice of Referral to Immigration Judge, indicating that the respondent was a VWP violator who had requested asylum, withholding of removal, and/or protection under the

1

Convention Against Torture and the matter had been referred to the Immigration Judge in accordance with 8 C.F.R. § 208.2(c). *See* Form I-863.

Pursuant to a motion for custody redetermination submitted by the respondent, the Court conducted a custody redetermination hearing on April 6, 2021. *See* Form I-286, Notice of Custody Determination; Resp't Emergency Motion for Bond. At the hearing, the Department did not raise issue as to the respondent's eligibility for bond. *See* Digital Audio Recording ("DAR") (Apr. 6, 2021.) The Court determined that the respondent failed to demonstrate that she is not a danger to the community and denied her request for a change in custody. *Id.*; *see also* Order of the Immigration Judge (Apr. 6, 2021). The respondent reserved appeal.

On April 8, 2021, the Court received the Department's motion to reconsider its April 6, 2021 custody determination. *See* Dep't Motion to Reconsider (Apr. 8, 2021). Specifically, the Department argued that the Court erred in conducting a custody redetermination hearing as it lacked jurisdiction over the respondent's custody status.[1] *Id.* The Court concurred with the motion and issued an order vacating its previous April 6, 2021 Order. *See* Order of the Immigration Judge (Apr. 8, 2021). On April 13, 2021, the Court received the respondent's opposition to the Department's motion to reconsider. *See* Resp't Opposition (Apr. 13, 2021).

Having now considered the written arguments of both the Department and the respondent, the Court provides the following analysis in support of its August 8, 2021 Order. For the reasons delineated *infra*, the Court (1) grants the Department's motion to reconsider, (2) vacates its prior April 6, 2021 Order, and (3) denies the respondent's request for a change in custody status on the basis that it does not have jurisdiction to review her custody status.

## II.   LEGAL STANDARDS & ANALYSIS

An Immigration Judge ("IJ") may upon his or her own motion at any time, or upon motion of the Department or the applicant, reconsider any case in which he or she has made a decision unless jurisdiction has vested with the Board of Immigration Appeals ("BIA"). 8 C.F.R. § 1003.23(b)(1). A motion to reconsider is a "request that the [IJ] reexamine [his or her] decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Matter of O-S-G-*, 24 I&N Dec. 56, 57 (BIA 2006) (quoting *Matter of Ramos*, 23 I&N Dec. 336, 338 (BIA 2002)). "A motion to reconsider contests the correctness of the original decision based on the previous factual record, as opposed to a motion to reopen, which seeks a new hearing based on new or previously unavailable evidence." *O-S-G-*, 24 I&N Dec. at 57-58. A motion to reconsider must state the reasons for the motion by specifying the errors of fact or law in the IJ's prior decision and be supported by pertinent authority. 8 C.F.R. § 1003.23(b)(2).

This Court may consider the Department's present motion because jurisdiction has not yet vested with the BIA. The respondent indeed reserved appeal of the Court's April 6, 2021 decision; however, as of the date of this decision, the Court is not in receipt of an official filing notice with the BIA. Moreover, the Court finds that it made a legal error when conducting the respondent's

---

[1] The Department concedes that it did not raise jurisdiction as an issue at the initial custody hearing. *See* Dep't Motion to Reconsider, p. 4.

2

custody hearing on April 6, 2021, such that redetermination of its prior decision and order is warranted. *See* 8 C.F.R. § 1003.23(b)(2).

An Immigration Judge's authority to redetermine custody conditions is limited to aliens who have been issued a Notice to Appear and placed in removal proceedings under section 240 of the INA, 8 U.S.C. § 129a. *Matter of A-W-*, 25 I&N Dec. 45, 46-47 (BIA 2009); 8 C.F.R. §§ 1003.19, 1236.1(d)(1). The BIA has held that "the statutory authority for [a VWP entrant's] detention is contained in section 217(c)(2)(E) of the [INA]." *A-W-*, 25 I&N Dec. at 47. Importantly, the detention authority of the Department in this case stems from section 217(c)(2)(E) of the Act, not section 236. *See* INA § 217(c)(2)(E); 8 C.F.R. § 217.4. The Board made clear that Immigration Judges lack the authority to redetermine the custody of VWP entrants/violators, as they are not detained pursuant to INA § 236. *See A-W-*, 25 I&N Dec. at 48. Because the Attorney General does not have authority over bond proceedings relating to aliens, like the respondent, who have been admitted pursuant to the Visa Waiver Program, he cannot delegate any such authority to the Immigration Judge. Only the Department has authority over the respondent's custody. *See A-W*, 25 I&N Dec. at 47-48. Consequently, the respondent's request for a bond hearing falls outside of the authority given to the Immigration Courts and must be denied for lack of jurisdiction. As such, the Court finds that it erred in conducting the April 6, 2021 hearing and vacates the resulting order. The Court now denies the respondent's motion for custody redetermination on the basis that it lacks jurisdiction to review the custody status of a VWP entrant. *See A-W-*, 25 I&N Dec. at 48.

Accordingly, after a careful review of the record, the following Orders are entered:

## ORDERS

**IT IS HEREBY ORDERED** that the Department's Motion for Reconsideration be **GRANTED;**

**IT IS FURTHER ORDERED** that the April 6, 2021 Order of the Immigration Judge with Respect to Custody be **VACATED;**

**IT IS FURTHER ORDERED** that the respondent's request for a change in custody status be **DENIED.**

04/25/2021
_____

Date

*Thomas Mungoven*
_____

Thomas Mungoven
U.S. Immigration Judge

3



UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
201 VARICK ST., RM 1140
NEW YORK, NY  10014



The Law Offices of Audrey A. Thomas P.C.
Thomas, Audrey
245-07 Francis Lewis Blvd
Rosedale, NY  11422

A COPY OF THIS DECISION WAS
                          ALIEN  ATTY  DHS
PERSONALLY SERVED   ☐    ☐    ☑
SERVED VIA MAIL       ☐    ☑    ☐
SERVED VIA FAX        ☐    ☐    ☐
DATE 4/28 IJ TSM LEGAL ASST MM

In the matter of          File �ndash▬▬▬          DATE: Apr 26, 2021
SOROKIN, ANNA

__ Unable to forward - No address provided.

X Attached is a copy of the decision of the Immigration Judge. This decision
is final unless an appeal is filed with the Board of Immigration Appeals
within 30 calendar days of the date of the mailing of this written decision.
See the enclosed forms and instructions for properly preparing your appeal.
Your notice of appeal, attached documents, and fee or fee waiver request
must be mailed to:    Board of Immigration Appeals
                      Office of the Clerk
                      5107 Leesburg Pike, Suite 2000
                      Falls Church, VA 22041

__ Attached is a copy of the decision of the immigration judge as the result
of your Failure to Appear at your scheduled deportation or removal hearing.
This decision is final unless a Motion to Reopen is filed in accordance
with Section 242b(c)(3) of the Immigration and Nationality Act, 8 U.S.C. §
1252b(c)(3) in deportation proceedings or section 240(b)(5)(C), 8 U.S.C. §
1229a(b)(5)(C) in removal proceedings.  If you file a motion to reopen, your
motion must be filed with this court:
                      IMMIGRATION COURT
                      201 VARICK ST., RM 1140
                      NEW YORK, NY  10014

__ Attached is a copy of the decision of the immigration judge relating to a
Reasonable Fear Review. This is a final order. Pursuant to 8 C.F.R. §
1208.31(g)(1), no administrative appeal is available. However, you may file
a petition for review within 30 days with the appropriate Circuit Court of
Appeals to appeal this decision pursuant to 8 U.S.C. § 1252; INA §242.

__ Attached is a copy of the decision of the immigration judge relating to a
Credible Fear Review. This is a final order. No appeal is available.

__ Other: _____


                              R. Rafailov
                              COURT CLERK
                              IMMIGRATION COURT           

    cc: ASSISTANT CHIEF COUNSEL
        201 VARICK STREET, ROOM #1130
        NEW YORK, NY, 10014

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
UNITED STATES IMMIGRATION COURT
201 VARICK STREET
NEW YORK, NEW YORK

File No.: ▊▊▊▊▊▊▊▊▊

|  |  |  |
|---|---|---|
| In the Matter of: | : | |
| | : | |
| **SOROKIN, ANNA** | : | **BOND PROCEEDINGS** |
| | : | |
| The respondent. | : | |
| | : | |

**ON BEHALF OF THE RESPONDENT**
Audrey A. Thomas, Esq.
The Law Office of Audrey Thomas PLLC
245-07 Francis Lewis Blvd.
Rosedale, New York 11422

**ON BEHALF OF THE DEPARTMENT**
Susan Egan, Esq.
Assistant Chief Counsel
201 Varick Street, Room 1130
New York, New York 10014

**MEMORANDUM DECISION OF THE IMMIGRATION JUDGE**

## I.   PROCEDURAL HISTORY

Anna Sorokin ("the respondent") is a native of the USSR and a citizen of Germany. *See* ICE Form 71-058, Visa Waiver Program, Notice of Intent to Issue a Final Administrative Removal Order. She was admitted to the United States at Newark, New Jersey on or about June 7, 2017 as a nonimmigrant visitor pursuant to INA § 217 under the Visa Waiver Program ("VWP") with authorization to remain for a temporary period not to exceed September 4, 2017. *Id.* The respondent remained in the United States beyond September 4, 2017 without authorization from the Department of Homeland Security ("the Department"). *Id.*

The Department subsequently charged the respondent as removable pursuant to the Immigration and Nationality Act ("INA") § 237(a)(1)(B), as amended, in that after admission as a nonimmigrant under Section 101(a)(15) of the Act, she remained in the United States for a time longer than permitted. *Id.* On February 9, 2021, the Department issued a Final Administrative Removal Order, finding the respondent removable as charged and ordering her removed from the U.S. to Germany. *See* ICE Form 71-060, VWP Final Administrative Removal Order. The Department served the Final Order on the respondent on March 25, 2021, and thereafter detained her in the custody of the U.S. Immigration and Customs Enforcement at Bergen County Jail. *Id.*; *see also* Form I-830, Notice to EOIR: Alien Address. On March 30, 2021, the Department filed a Form I-863, Notice of Referral to Immigration Judge, indicating that the respondent was a VWP violator who had requested asylum, withholding of removal, and/or protection under the

1

Convention Against Torture and the matter had been referred to the Immigration Judge in accordance with 8 C.F.R. § 208.2(c). *See* Form I-863.

Pursuant to a motion for custody redetermination submitted by the respondent, the Court conducted a custody redetermination hearing on April 6, 2021. *See* Form I-286, Notice of Custody Determination; Resp't Emergency Motion for Bond. At the hearing, the Department did not raise issue as to the respondent's eligibility for bond. *See* Digital Audio Recording ("DAR") (Apr. 6, 2021.) The Court determined that the respondent failed to demonstrate that she is not a danger to the community and denied her request for a change in custody. *Id.*; *see also* Order of the Immigration Judge (Apr. 6, 2021). The respondent reserved appeal.

On April 8, 2021, the Court received the Department's motion to reconsider its April 6, 2021 custody determination. *See* Dep't Motion to Reconsider (Apr. 8, 2021). Specifically, the Department argued that the Court erred in conducting a custody redetermination hearing as it lacked jurisdiction over the respondent's custody status.[1] *Id.* The Court concurred with the motion and issued an order vacating its previous April 6, 2021 Order. *See* Order of the Immigration Judge (Apr. 8, 2021). On April 13, 2021, the Court received the respondent's opposition to the Department's motion to reconsider. *See* Resp't Opposition (Apr. 13, 2021).

Having now considered the written arguments of both the Department and the respondent, the Court provides the following analysis in support of its August 8, 2021 Order. For the reasons delineated *infra*, the Court (1) grants the Department's motion to reconsider, (2) vacates its prior April 6, 2021 Order, and (3) denies the respondent's request for a change in custody status on the basis that it does not have jurisdiction to review her custody status.

## II.    LEGAL STANDARDS & ANALYSIS

An Immigration Judge ("IJ") may upon his or her own motion at any time, or upon motion of the Department or the applicant, reconsider any case in which he or she has made a decision unless jurisdiction has vested with the Board of Immigration Appeals ("BIA"). 8 C.F.R. § 1003.23(b)(1). A motion to reconsider is a "request that the [IJ] reexamine [his or her] decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Matter of O-S-G-*, 24 I&N Dec. 56, 57 (BIA 2006) (quoting *Matter of Ramos*, 23 I&N Dec. 336, 338 (BIA 2002)). "A motion to reconsider contests the correctness of the original decision based on the previous factual record, as opposed to a motion to reopen, which seeks a new hearing based on new or previously unavailable evidence." *O-S-G-*, 24 I&N Dec. at 57-58. A motion to reconsider must state the reasons for the motion by specifying the errors of fact or law in the IJ's prior decision and be supported by pertinent authority. 8 C.F.R. § 1003.23(b)(2).

This Court may consider the Department's present motion because jurisdiction has not yet vested with the BIA. The respondent indeed reserved appeal of the Court's April 6, 2021 decision; however, as of the date of this decision, the Court is not in receipt of an official filing notice with the BIA. Moreover, the Court finds that it made a legal error when conducting the respondent's

---

[1] The Department concedes that it did not raise jurisdiction as an issue at the initial custody hearing. *See* Dep't Motion to Reconsider, p. 4.

2

custody hearing on April 6, 2021, such that redetermination of its prior decision and order is warranted. *See* 8 C.F.R. § 1003.23(b)(2).

An Immigration Judge's authority to redetermine custody conditions is limited to aliens who have been issued a Notice to Appear and placed in removal proceedings under section 240 of the INA, 8 U.S.C. § 129a. *Matter of A-W-*, 25 I&N Dec. 45, 46-47 (BIA 2009); 8 C.F.R. §§ 1003.19, 1236.1(d)(1). The BIA has held that "the statutory authority for [a VWP entrant's] detention is contained in section 217(c)(2)(E) of the [INA]." *A-W-*, 25 I&N Dec. at 47. Importantly, the detention authority of the Department in this case stems from section 217(c)(2)(E) of the Act, not section 236. *See* INA § 217(c)(2)(E); 8 C.F.R. § 217.4. The Board made clear that Immigration Judges lack the authority to redetermine the custody of VWP entrants/violators, as they are not detained pursuant to INA § 236. *See A-W-*, 25 I&N Dec. at 48. Because the Attorney General does not have authority over bond proceedings relating to aliens, like the respondent, who have been admitted pursuant to the Visa Waiver Program, he cannot delegate any such authority to the Immigration Judge. Only the Department has authority over the respondent's custody. *See A-W*, 25 I&N Dec. at 47-48. Consequently, the respondent's request for a bond hearing falls outside of the authority given to the Immigration Courts and must be denied for lack of jurisdiction. As such, the Court finds that it erred in conducting the April 6, 2021 hearing and vacates the resulting order. The Court now denies the respondent's motion for custody redetermination on the basis that it lacks jurisdiction to review the custody status of a VWP entrant. *See A-W-*, 25 I&N Dec. at 48.

Accordingly, after a careful review of the record, the following Orders are entered:

## ORDERS

**IT IS HEREBY ORDERED** that the Department's Motion for Reconsideration be **GRANTED;**

**IT IS FURTHER ORDERED** that the April 6, 2021 Order of the Immigration Judge with Respect to Custody be **VACATED;**

**IT IS FURTHER ORDERED** that the respondent's request for a change in custody status be **DENIED.**

04/25/2021

_Thomas Mungoven_

Date

Thomas Mungoven
U.S. Immigration Judge

3



# UNITED STATES DEPARTMENT OF HOMELAND SECURITY
# IMMIGRATION AND CUSTOMS ENFORCEMENT
## 4250 Federal Drive
## Batavia, NY 14020

## RECORD OF SWORN STATEMENT
## IN AN ADMINISTRATIVE PROCEEDING

**Office:  Batavia   File No:**   ▨

**Statement by:**          **SOROKIN, Anna**

**In the Case of:**          **SOROKIN, Anna**

**At:**      **Albion Correctional Facility**

**Before:  Deportation Officer T. Finnigan**

**In the English language.**

I am an officer of the United States Immigration and Customs Enforcement, authorized by law to administer oaths and take testimony in connection with the enforcement of the Immigration and Nationality laws of the Unites States. I desire to take your sworn statement regarding your identity and prior immigration record.

**Before we ask you any questions, you must understand your rights.**

You have been arrested because it is believed you are an alien not lawfully entitled to be or remain in the United States.
You have the right to be represented by counsel of your choice at no expense to the Government.
Any statement you make may be used against you in a subsequent administrative proceeding.
You are provided with a list of the available free legal service in this district which are qualified and/or recognized by the Immigration and Customs Enforcement Service.

Q:  Do you feel comfortable doing this interview in English?
A:        Yes

Q:  Do you understand these rights?
A:        Yes

Q:  Are you willing to answer my questions at this time?
A:        Yes

Q:  Do you swear that all the statements you are about to make will be the truth, the whole truth and
     nothing but the truth, so help you god?
A:        Yes

Initials:

Page 1 of 3

Q: What is your true and correct name?
A:    Anna  Sorokin

Q: What is your date of birth?
A:    1/23/1991

Q: What is your place of birth?
A:    Moscow Russia

Q: Of what country are you a citizen?
A:    Germany

Q: Have you ever used any other names, dates of birth or nationalities?
A:  Anna Delvey

Q: What was the date, place and manner of your last entry into the United States?
A:    6/07/2017    Laquardia NY    ESTA VWP

Q: Did an officer authorized by the Immigration and Naturalization Service admit you?
A:    Yes

Q: Has the Immigration Service ever arrested you? When?
A:    No

Q: Have you ever been ordered deported or removed from the United States?
A:    No

Q: Have you ever applied to the Attorney General of the United States for permission to re-enter
   the United States after you were deported, excluded, or removed from the United States?
A:    No

Q: If you are sent back to your country, do you fear that you will be tortured or persecuted?
A:    No

Q: Did you understand all the questions?
A:    Yes

Q: Is there anything else you want to add to this statement?
A:    No

Initials: _____

# **Affidavit Page**

I have read (or had read to me) the foregoing statement, consisting of  3   pages. I state that the answers made therein by me are true and correct to the best of my knowledge and belief and that statement is a full, true, and correct record of my interrogation on the date indicated by the above named officer of the Immigration and Naturalization Service. I have initialed each page of this statement (and the corrections(s) noted on page(s)_____.)

Signature:_____.

Subscribed and sworn to before me at _Albion Correctional Facility  Albion, NY_

on _12│23│2020_

Witnessed by _M. Finnigan  9636_ on _12│23│2020_

_T. Finnigan #9751_
Officer, US Immigration and Customs Enforcement

Page 3 of 3



# Repository Inquiry

**To: Kubiczl For: Lucasz Kubicz Case No:216082982 FBI Number - JLTJE09TT - CRI**

---

New York State Division of Criminal Justice Services
Alfred E. Smith Building, 80 South Swan St.
Albany, New York 12210. Tel:1-800-262-DCJS
Michael C.Green, Executive Deputy Commissioner of the NYS Division of Criminal Justice Services

---

**Identification   Summary   Criminal History   Job/License   Wanted   Missing**

---

## ● Attention - Important Information ▲

    * See **Additional Information** at the bottom of this response for more banners pertaining to the criminal history

**Currently under community supervision by the New York State Department of Corrections and Community Supervision.** Please contact the Community Supervision Operation Center (CSOC) at (212) 239-6159 or (800) 660-9890, Department of Corrections and Community Supervision, 314 West 40th Street, NY, NY 10018. The Community Supervision Operation Center (CSOC) is operational 24 hours a day, seven days a week.

**DNA SAMPLE IS ON FILE IN THE DNA DATABANK:** If additional DNA Databank information is required call DCJS Office of Forensic Services at (518)457-1901

---

## ● Identification Information ▲

**Name:**

ANNA SOROKIN

**Date of Birth:**

January 23, 1991

**Place of Birth :**

Russia        Germany

Cycle 6
Arrest Date October 26, 2017

---

**Address:**

11 HOWARD STREET, MANHATTAN, NY
17 DOWNING STREET, MANHATTAN, NY
123 NASSAU STREET, MANHATTAN, NY

---

| Sex: | Race: | Ethnicity: | Skin Tone: |
|------|-------|-----------|-----------|
| Female | White | Not Hispanic | Light |
| **Eye Color:** | **Hair Color:** | **Height:** | **Weight:** |
| Brown | Brown | 5' 06" | 150 |

---

**SSN:**

| **NYSID#:** | **FBI#:** | **NCIC Classification#:** |
|-------------|-----------|---------------------------|
| 13963268N | JLTJE09TT | |

**III Status:** Criminal record in other states or in multiple FBI files for NYS

## 🔴 Summary Information 🔺

**Total Arrests:** 6    **Date of Earliest Arrest:** July 05, 2017    **Latest Prior Arrest Date:** October 25, 2017

| Total Arrests: | 6 |
|---|---|
| Felony: | 3 |
|   Violent Felony: | 0 |
|   Firearm: | |
| Misdemeanor: | 3 |
| Other: | 0 |

| Total Arraigned Arrests: | 3 |
|---|---|
| Felony: | 1 |
|   Violent Felony: | 0 |
|   Firearm: | 0 |
| Misdemeanor: | 2 |
| Other: | 0 |

| Total Open Cases: | 2 | Cycles (max 5) |
|---|---|---|
| Felony: | 1 | 4 |
|   Violent Felony: | 0 | |
| Misdemeanor: | 1 | 6 |
| Other: | 0 | |
| Open ACD: | 0 | |
| Non Docketed Cases: | 2 | 6,4 |

| Total Convictions: | 2 | Cycles (max 5) |
|---|---|---|
| Felony: | 1 | 5 |
|   Violent Felony: | 0 | |
|   Firearm: | 0 | |
| Misdemeanor: | 1 | 2 |
| Other: | 0 | |
| YO Adjud.: | 0 | |

| Warrant Information: | | Cycles (max 5) |
|---|---|---|
| Failure to Appear Counts: | 2 | 3,2 |
| Total Open: | 0 | |
| Active NYC: | 0 | |

| DOC Classification: | | Cycles (max 5) |
|---|---|---|
| Escape Charges: | 0 | |
| Sex Offender Convictions: | 0 | |
| Probation Revoc: | 0 | |
| Parole Revoc: | 0 | |

**Note:** Summary Information may not reflect official actions. DCJS strongly urges the recipient to review the enclosed criminal history record information.

## 🔴 NYS Criminal History Information 🔺

### 🔻 Cycle 6

### Arrest/Charge Information

Arrest Date: October 25, 2017 09:45 pm (21:45:00)

| | |
|---|---|
| **Name:** | ANNA SOROKIN |
| **Date of Birth:** | January 23, 1991 |
| **Sex:** | Female |
| **Race:** | White |
| **Ethnicity:** | Not Hispanic |
| **Height:** | 5' 06" |
| **Weight:** | 150 |
| **Age at time of crime/arrest:** | 26 |
| **Address:** | 11 HOWARD STREET, MANHATTAN, NY |
| **Fax Number:** | M40910 |
| **Place of Arrest:** | NYCPD 5 |
| **Arrest Type:** | Unknown |
| **Date of Crime:** | May 05, 2017 |
| **Place of Crime:** | NYCPD 10 |
| **Criminal Justice Tracking No.:** | 68355814Z |
| **Arresting Agency:** | NYCPD PCT 005 |

| | |
|---|---|
| **Arresting Officer ID:** | 954111 |
| **Arrest Number:** | M17665062 |
| **Arraignment:** | New York County Criminal Court |

**Arrest Charges:**

-- Intent To Obtain Transportation Without Paying

PL 165.15    Sub 03   Class A Misdemeanor Degree 0 NCIC 2699

**No Court Reported Information**

---

## ⬇ Cycle 5 ⬆

### Arrest/Charge Information

Arrest Date: October 25, 2017 09:45 pm (21:45:00)

| | |
|---|---|
| **Name:** | ANNA SOROKIN |
| **Date of Birth:** | January 23, 1991 |
| **Sex:** | Female |
| **Race:** | White |
| **Ethnicity:** | Not Hispanic |
| **Height:** | 5' 06" |
| **Weight:** | 150 |
| **Age at time of crime/arrest:** | 26 |
| **Address:** | 11 HOWARD STREET, MANHATTAN, NY |
| **Fax Number:** | M40903 |
| **Place of Arrest:** | NYCPD 5 |
| **Arrest Type:** | Unknown |
| **Date of Crime:** | October 25, 2017 |
| **Place of Crime:** | New York County, NY |
| **Criminal Justice Tracking No.:** | 68355822Z |
| **Arresting Agency:** | NYCPD PCT 005 |
| **Arresting Officer ID:** | 954111 |
| **Arrest Number:** | M17665051 |
| **Arraignment:** | New York County Criminal Court |

**Arrest Charges:**

-- Grand Larc-2nd:Property Value Exceeds $50,000

PL 155.40    Sub 01   Class C  Felony  Degree 2  NCIC 2399

-- Attempted Grand Larceny 1-Value Of Property Exceeds $1,000,000

PL 155.42    Class C  Felony  Degree 1  NCIC 2399

-- Grand Larceny 3rd Degree

PL 155.35    Class D  Felony  Degree 3  NCIC 2399

### Court Case Information

--**Court:** New York County Supreme Court   **Case Number:** 03129-2017

October 26, 2017
   **Initial Report Of Indictment Number**

**October 26, 2017**
**Arraigned**

   -- Grand Larc-2nd:Property Value Exceeds $50,000
     PL 155.40     Sub 01    Counts: 2   Class C   Felony        NCIC 2399

   -- Attempted Grand Larceny 1-Value Of Property Exceeds $1,000,000
     PL 155.42               Class C   Felony        NCIC 2399

   -- Grand Larceny 3rd Degree: Property Value Exceeds $3000
     PL 155.35     Sub 01          Class D   Felony        NCIC 2399

   -- Intent To Obtain Transportation Without Paying
     PL 165.15     Sub 03          Class A   Misdemeanor   NCIC 2699

**October 26, 2017**
**Bench Warrant Vacated**

**May 09, 2019**
**Convicted Upon Verdict After Jury Trial** - Conviction Date: April 25, 2019

   -- Grand Larc-2nd:Property Value Exceeds $50,000
     PL 155.40           Sub 01       Class C       Felony        NCIC 2399

    **Sentenced to:**    Term: 4 Year(s) to 12 Year(s)
    **Sentence Date:** May 09, 2019

   -- Grand Larc-2nd:Property Value Exceeds $50,000
     PL 155.40           Sub 01       Class C       Felony        NCIC 2399

    **Sentenced to:**    Term: 4 Year(s) to 12 Year(s)
    **Sentence Date:** May 09, 2019

   -- Attempted Grand Larceny 1-Value Of Property Exceeds $1,000,000
     PL 155.42                Class C       Felony        NCIC 2399

    **Sentenced to:** Restitution Amount: Unspecified Term: 4 Year(s) to 12 Year(s) Fine Amount: $21000 Status at the time of sentencing: Adjourned for Payment
    **Sentence Date:**   May 09, 2019

   -- Grand Larceny 3rd Degree: Property Value Exceeds $3000
     PL 155.35           Sub 01       Class D       Felony        NCIC 2399

    **Sentenced to:**    Term: 28 Month(s) to 7 Year(s)
    **Sentence Date:** May 09, 2019

   -- Intent To Obtain Transportation Without Paying
     PL 165.15           Sub 03       Class A       Misdemeanor        NCIC 2699

**Sentenced to:** Term: 364 Day(s)

**Sentence Date:** May 09, 2019

**Interim release Status:** Remanded without bail

## Incarceration/Supervision Information

### Incarceration Admission Information

| | |
|---|---|
| **Admission Date:** | May 15, 2019 |
| **Admission Reason:** | New Commitment |
| **Agency:** | NYS DOCCS Bedford Hills Correctional Facility |
| **State Inmate ID No.:** | 19G0366 |
| **Sentence to:** | Term: 4 Year(s) to 12 Year(s); |
| **Max Expiration Date:** | October 19, 2029 |
| **Conditional Release Date** | October 19, 2025 |
| **Inmate Name:** | ANNA SOROKIN |
| **Sex:** | Female |

**Admission Charges:**

-- Attempted Grand Larceny 1-Value Of Property Exceeds $1,000,000

PL 155.42      Class C     Felony     Degree 1     NCIC 2399

### Incarceration Release Information

| | |
|---|---|
| **Release Date:** | February 11, 2021 |
| **Release Reason:** | Merit Release to Parole |
| **Agency:** | NYS DOCCS Albion Correctional Facility |
| **Name:** | ANNA SOROKIN |
| **Inmate ID Number:** | 19G0366 |

### Parole Release Information

| | |
|---|---|
| **Received by Parole on:** | February 11, 2021 |
| **Release Type:** | Initial Release to Parole |
| **Max Expiration Date:** | October 19, 2029 |
| **Supervision Office:** | Brooklyn IV |
| **Parole ID Number:** | 19G0366 |
| **Name:** | ANNA SOROKIN |

 **Cycle 4**

## Arrest/Charge Information

Arrest Date: October 25, 2017 09:45 pm (21:45:00)

| | |
|---|---|
| **Name:** | ANNA SOROKIN |
| **Date of Birth:** | January 23, 1991 |
| **Sex:** | Female |
| **Race:** | White |
| **Ethnicity:** | Not Hispanic |
| **Height:** | 5' 06" |

| | |
|---|---|
| **Weight:** | 150 |
| **Age at time of crime/arrest:** | 26 |
| **Address:** | 11 HOWARD STREET, MANHATTAN, NY |
| **Fax Number:** | M40906 |
| **Place of Arrest:** | NYCPD 5 |
| **Arrest Type:** | Unknown |
| **Date of Crime:** | April 01, 2017 |
| **Place of Crime:** | NYCPD 5 |
| **Criminal Justice Tracking No.:** | 68355817N |
| **Arresting Agency:** | NYCPD PCT 005 |
| **Arresting Officer ID:** | 954111 |
| **Arrest Number:** | M17665055 |
| **Arraignment:** | New York County Criminal Court |

**Arrest Charges:**

    -- Grand Larc-2nd:Property Value Exceeds $50,000

        PL 155.40    Sub 01    Class C Felony Degree 2 NCIC 2399

**No Court Reported Information**

---

## ⬇ Cycle 3 ⬆

### Arrest/Charge Information

Arrest Date: July 26, 2017 06:14 pm (18:14:00)

| | |
|---|---|
| **Name:** | ANNA SOROKIN |
| **Date of Birth:** | January 23, 1991 |
| **Sex:** | Female |
| **Race:** | White |
| **Ethnicity:** | Not Hispanic |
| **Height:** | 5' 06" |
| **Weight:** | 160 |
| **Age at time of crime/arrest:** | 26 |
| **Address:** | 17 DOWNING STREET, MANHATTAN, NY |
| **Fax Number:** | M28571 |
| **Place of Arrest:** | NYCPD Midtown N |
| **Arrest Type:** | Unknown |
| **Date of Crime:** | July 26, 2017 |
| **Place of Crime:** | NYCPD Midtown N |
| **Criminal Justice Tracking No.:** | 68237259Q |
| **Arresting Agency:** | NYCPD PCT 018 |
| **Arresting Officer ID:** | 935448 |
| **Arrest Number:** | M17645338 |
| **Arraignment:** | New York County Criminal Court |

**Arrest Charges:**

    -- Failure To Pay Service Based On Stealth

        PL 165.15    Sub 02    Class A Misdemeanor Degree 0 NCIC 2699

## Court Case Information

**--Court:** [New York County Criminal Court](#)     **Case Number:** 2017CN003891

July 27, 2017
**Initial Report Of Docket Number**

July 27, 2017
**Arraigned**

-- Failure To Pay Service Based On Stealth
PL 165.15     Sub 02   Class A  Misdemeanor NCIC 2699

September 05, 2017
**Bench Warrant Issued**

October 31, 2017
**Returned On Warrant**

March 27, 2018
**Transferred To Superior Court**

-- Failure To Pay Service Based On Stealth
PL 165.15     Sub 02   Class A  Misdemeanor NCIC 2699

**--Court:** [New York County Supreme Court](#)     **Case Number:** 03891C-2017

March 27, 2018
**Initial Report Of Docket Number**

August 21, 2018
**Covered By Another Case**

-- Failure To Pay Service Based On Stealth
PL 165.15     Sub 02   Class A  Misdemeanor NCIC 2699

**Associated Case Number(s):** 02441-2018

**Interim release Status:** Released on own recognizance (ROR)

 **Cycle 2**

## Arrest/Charge Information
Arrest Date: July 05, 2017 10:00 am (10:00:00)

| | |
|---|---|
| **Name:** | ANNA SOROKIN |
| **Date of Birth:** | January 23, 1991 |
| **Sex:** | Female |
| **Race:** | White |
| **Ethnicity:** | Not Hispanic |
| **Height:** | 5' 05" |
| **Weight:** | 150 |
| **Age at time of crime/arrest:** | 26 |
| **Address:** | 123 NASSAU STREET, MANHATTAN, NY |
| **Fax Number:** | M25765 |

| | |
|---|---|
| **Place of Arrest:** | NYCPD 1 |
| **Arrest Type:** | Unknown |
| **Date of Crime:** | June 07, 2017 |
| **Place of Crime:** | NYCPD 1 |
| **Criminal Justice Tracking No.:** | 68209412R |
| **Arresting Agency:** | NYCPD PCT 001 |
| **Arresting Officer ID:** | 942816 |
| **Arrest Number:** | M17640813 |
| **Arraignment:** | New York County Criminal Court |

**Arrest Charges:**

    -- Grand Larceny 4th :Value Property Greater Than $1000
      PL 155.30    Sub 01    Class E Felony      Degree 4 NCIC 2399

    -- Theft Of Telecommunications Service By Other Deception
      PL 165.15    Sub 04D  Class A Misdemeanor Degree 0 NCIC 2699

## Court Case Information

**--Court:** New York County Criminal Court   **Case Number:** 2017NY036329

July 05, 2017
**Initial Report Of Docket Number**

July 05, 2017
**Arraigned**

    -- Failure To Pay Service Based On Stealth
      PL 165.15    Sub 02 Counts: 2 Class A Misdemeanor NCIC 2699

September 05, 2017
**Bench Warrant Issued**

October 31, 2017
**Returned On Warrant**

March 27, 2018
**Transferred To Superior Court**

    -- Failure To Pay Service Based On Stealth
      PL 165.15    Sub 02 Counts: 2 Class A Misdemeanor NCIC 2699

**--Court:** New York County Supreme Court   **Case Number:** 36329C-2017

March 27, 2018
**Initial Report Of Docket Number**

August 21, 2018
**Covered By Another Case**

    -- Failure To Pay Service Based On Stealth
      PL 165.15    Sub 02   Class A Misdemeanor NCIC 2699

**Associated Case Number(s):** 02441-2018

--**Court:** New York County Supreme Court **Case Number:** 02441-2018

August 21, 2018
**Initial Report Of Indictment Number**

August 21, 2018
**Arraigned**

    -- Failure To Pay Service Based On Stealth
        PL 165.15    Sub 02    Class A  Misdemeanor NCIC 2699

May 09, 2019
**Convicted Upon Verdict After Jury Trial** - Conviction Date: April 25, 2019

    -- Failure To Pay Service Based On Stealth

| PL 165.15 | Sub 02 | | Class A | Misdemeanor | NCIC 2699 |
|---|---|---|---|---|---|

| **Sentenced to:** | Restitution Amount: Unspecified Term: 1 Year(s) Fine Amount: $1000 Status at the time of sentencing: Adjourned for Payment |
|---|---|
| **Sentence Date:** | May 09, 2019 |

    -- Failure To Pay Service Based On Stealth

| PL 165.15 | Sub 02 | Counts: 2 | Class A | Misdemeanor | NCIC 2699 |
|---|---|---|---|---|---|

| **Sentenced to:** | Restitution Amount: Unspecified Term: 1 Year(s) Fine Amount: $1000 Status at the time of sentencing: Adjourned for Payment |
|---|---|
| **Sentence Date:** | May 09, 2019 |

**Interim release Status:** Remanded without bail

---

## Cycle 1 ⬆

### Arrest/Charge Information
Arrest Date: July 05, 2017 10:00 am (10:00:00)

| | |
|---|---|
| **Name:** | ANNA SOROKIN |
| **Date of Birth:** | January 23, 1991 |
| **Sex:** | Female |
| **Race:** | White |
| **Ethnicity:** | Not Hispanic |
| **Height:** | 5' 05" |
| **Weight:** | 150 |
| **Age at time of crime/arrest:** | 26 |
| **Address:** | 123 NASSAU STREET, MANHATTAN, NY |
| **Fax Number:** | M25771 |
| **Place of Arrest:** | NYCPD 1 |
| **Arrest Type:** | Unknown |
| **Date of Crime:** | July 01, 2017 |

| | |
|---|---|
| **Place of Crime:** | NYCPD 1 |
| **Criminal Justice Tracking No.:** | 68209417H |
| **Arresting Agency:** | NYCPD PCT 001 |
| **Arresting Officer ID:** | 942816 |
| **Arrest Number:** | M17640820 |
| **Arraignment:** | New York County Criminal Court |

**Arrest Charges:**

-- Theft Of Telecommunications Service By Other Deception

PL 165.15    Sub 04D   Class A  Misdemeanor Degree 0 NCIC 2699

## Court Case Information

**--Court:** New York County Criminal Court    **Case Number:** 68209412R

July 05, 2017
**Arrest is consolidated with another cycle**

-- Theft Of Telecommunications Service By Other Deception

PL 165.15    Sub 04D   Class A  Misdemeanor NCIC 2699

**Associated Case Number(s):** 2017NY036329

---

### ● Other History Related Information ↑

There is no Other History Related Information associated with this history.

---

### ● Job/License Information ↑

There is no Job/License Information associated with this history.

---

### ● Wanted Information ↑

There is no NYS Wanted Information associated with this history.

---

### ● Missing Person Information ↑

There is no NYS Missing Information associated with this history.

---

### ● Additional Information ↑

**Sentencing** - Where an individual is sentenced June 1, 1981 or later on more than one charge within a docket, the sentence may be considered to be concurrent unless identified as consecutive.

**Caution: Identification not based on fingerprint comparison. This record was produced as the result of an inquiry.**

**Multi-Source** - Subject has information maintained by other states or in multiple NYS files maintained by the FBI available through the Interstate Identification Index. Refer to FBI Number:JLTJE09TT

---

**WARNING:** Release of any of the information presented in this computerized Case History to unauthorized individuals or agencies is prohibited by federal law TITLE 42 USC 3789g(b).
This report is to be used for this one specific purpose as described in the Use and Dissemination Agreement your agency has on file with DCJS. **Destroy after use and request an updated rap sheet for subsequent needs.**
All information presented herein is as complete as the data furnished to DCJS.